# **Exhibit 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>   *Plaintiff*,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>   *Defendant*. | Civil Action No. 7:24-cv-00277-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S MOTION TO SEVER AND STAY CLAIMS
AGAINST IN-FLIGHT CONNECTIVITY SYSTEMS
BASED ON THE CUSTOMER-SUIT EXCEPTION**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND ................................................................................................................... 2

    A. The Accused In-Flight Connectivity Systems ........................................................ 2

    B. Intellectual Ventures' Duplicative Allegations ....................................................... 2

    C. The Manufacturers' Declaratory Judgment Actions ............................................... 3

    D. Southwest's Agreement to Be Bound .................................................................... 3

III. ARGUMENT ......................................................................................................................... 3

    A. The Court Should Stay Claims Regarding In-Flight Connectivity Systems Pending Resolution of the Delaware Actions. ....................................................... 3

        1. A stay will not prejudice or otherwise present a tactical disadvantage to Intellectual Ventures; it will instead reduce costs and be more efficient for all parties involved. ............................................ 4

        2. A stay will simplify this action. ................................................................... 5

            i. The Delaware Actions will fully resolve the issues of infringement of the '469 and '326 Patents, reducing the issues before this Court. .................................................................. 5

            ii. A stay will streamline discovery ....................................................... 5

            iii. A stay will avoid inconsistent judgments. ....................................... 6

        3. Discovery has not begun, and trial has not been set. ................................... 7

    B. The Court Should Stay Claims Regarding the '326 and '469 Patents Under the Customer-Suit Exception to the First Filed Rule. ............................................ 7

        1. Southwest is a mere user of Viasat's and Anuvu's in-flight connectivity systems. ................................................................................ 8

        2. Southwest agrees to be bound by the Delaware court's decisions ............ 10

        3. Viasat and Anuvu are the sole suppliers of the accused in-flight connectivity systems, infringement by which is a "major issue" in this action. ................................................................................................. 10

IV. CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Anuvu, Corp. v. Intellectual Ventures*,
   No. 25-124 (D. Del. Jan. 30, 2025) ........................................................................................3

*Dali Wireless, Inc. v. Ericsson Inc.*,
   No. 22-1313, 2023 WL 1423990 (W.D. Tex. Jan. 30, 2023) ...............................................5, 7

*Decapolis Sys., LLC v. Univ. Health Sys. Servs. of Texas, Inc.*,
   No. 21-1252, 2022 WL 2373705 (W.D. Tex. June 30, 2022) ..................................................6

*DoDots Licensing Sols. LLC v. Samsung Elecs. Co.*,
   No. 22-535, 2023 WL 4687930 (W.D. Tex. July 20, 2023) ............................................6, 7, 8

*Flygrip, Inc. v. Walmart Inc.*,
   No. 21-1082, 2022 WL 2373714 (W.D. Tex. June 29, 2022) ................................................10

*In re Google Inc.*,
   588 F. App'x 988 (Fed. Cir. 2014) ..................................................................................6, 8, 9

*GreatGigz Sols., LLC v. Costco Wholesale Corp.*,
   No. 21-807, 2022 WL 1037114 (W.D. Tex. Apr. 6, 2022) ............................................ passim

*Intellectual Ventures v. American Airlines, Inc.*,
   No. 24-980, Dkt#1 (E.D. Tex. Nov. 2, 2024) .........................................................................2

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990) ...............................................................................................7

*Kirsch Rsch. & Dev., LLC v. Bluelinx Corp.*,
   No. 20-316, 2021 WL 4555803 (W.D. Tex. Oct. 4, 2021) ......................................................3

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................3

*Mott's LLP v. Comercializadora Eloro, S.A.*,
   507 F. Supp. 3d 780 (W.D. Tex. 2020) ...................................................................................3

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014) ...............................................................................................7

*SITO Mobile R&D IP, LLC v. SFA Holdings Inc.*,
   No. 23-688, 2024 WL 3843804 (W.D. Tex. Apr. 19, 2024) .......................................5, 8, 9, 10

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
   No. 21-1284, 2022 WL 545051 (W.D. Tex. Feb. 23, 2022) ..........................................6, 8, 10

*Spread Spectrum LLC v. Eastman Kodak Co.*,
 657 F.3d 1349 (Fed. Cir. 2011) ........................................................................................7, 8, 10

*Topia Tech., Inc. v. Dropbox, Inc.*,
 No. 21-1373, 2022 WL 18109619 (W.D. Tex. Dec. 29, 2022) ..................................4, 5, 7, 10

*Viasat, Inc. v. Intellectual Ventures*,
 No. 25-56, Dkt#1 (D. Del. Jan. 14, 2025) ..................................................................................3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
 759 F.3d 1307 (Fed. Cir. 2014) ..................................................................................................4

**Rules**

FED. R. CIV. P. 45 ................................................................................................................................4

## I. INTRODUCTION

Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures") assert six patents against Southwest Airlines Co. in this action. However, two of the patents—U.S. Patent Nos. 7,324,469 (the "'469 patent") and 8,027,326 (the "'326 patent")—are asserted only against in-flight WiFi systems supplied by two third-party suppliers: Viasat, Inc. and Anuvu Operations LLC. Southwest does not design, develop, manufacture, or modify these systems. Instead, Southwest contracts with Viasat and Anuvu, which supply and operate the complete systems, including all necessary hardware and software.

Intellectual Ventures' Complaint confirms that the accused functionality does not involve any Southwest-developed technology. The Complaint and claim charts rely entirely on Viasat's and Anuvu's documentation, identifying the manufacturer-vendors' products as the basis for its infringement claims. Thus, the true defendants for the infringement claims based on the '469 and '326 patents are Viasat and Anuvu, the companies that make and supply the accused systems and functionality. Recognizing this, Viasat and Anuvu have filed declaratory judgment actions for non-infringement in the District of Delaware, where they and Intellectual Ventures are incorporated. *See Viasat, Inc. v. Intellectual Ventures*, No. 25-56 (D. Del. Jan. 14, 2025); *Anuvu Corp. v. Intellectual Ventures*, No. 25-124 (D. Del. Jan. 30, 2025). For reference, the complaints from these two "Delaware Actions" are attached as Exhibits 1 and 2.

The Federal Circuit has made clear that these supplier suits should take precedence over customer suits involving downstream use of the same accused products. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). Given the pending Delaware Actions, proceeding against Southwest in parallel would be inefficient and duplicative. A stay will streamline discovery, conserve judicial resources, and ensure that the infringement issues are resolved in the cases involving the parties that manufacture and control the accused technology.

1

For these reasons, Southwest requests that the Court sever and stay Intellectual Ventures' claims of infringement of the '469 and '326 patents pending resolution of the Delaware Actions.

## II. BACKGROUND

### A. The Accused In-Flight Connectivity Systems

Intellectual Ventures accuses Southwest of infringement of the '469 and '326 patents based on use of Viasat and Auvu products in commercial aircraft. Dkt#1 ¶¶ 87-101; 103-117; Dkt##1-11, 1-12 *passim*. Intellectual Ventures does not allege that Southwest modifies or adapts the manufacturers' in-flight connectivity systems or the accused hardware components Viasat and Anuvu provide to Southwest. Instead, the Complaint asserts that Southwest infringes based on Viasat documentation, alleging that, "[o]n information and belief, Anuvu functions similarly to Viasat." *See, e.g.*, Dkt#1-11 at 4, 5, 9; Dkt#1-12 at 7, 8, 10-12, 15, 16, 20, 21.

Viasat, Inc. is a global communications company with significant expertise in engineering satellite and connectivity solutions. Viasat provides in-flight connectivity systems to every major U.S. commercial airline, including Southwest. Viasat is a Delaware corporation with headquarters in Carlsbad, California.

Similarly, Anuvu is a leading provider of high-speed connectivity and entertainment solutions for commercial and government applications, including in-flight connectivity systems. Like Viasat, Anuvu provides in-flight connectivity systems to major U.S. commercial airlines, including Southwest. Anuvu is a Delaware corporation with headquarters in Lombard, Illinois.

### B. Intellectual Ventures' Duplicative Allegations

The same day that Intellectual Ventures filed this action against Southwest, Intellectual Ventures also sued American Airlines in the Eastern District of Texas, asserting infringement of the same six patents. *Intellectual Ventures v. American Airlines, Inc.*, No. 24-980, Dkt#1 (E.D. Tex. Nov. 2, 2024). In both actions, IV alleges infringement of the '326 and '469 patents based on

2

use of products supplied by "In-Flight Connectivity providers," including Viasat. Dkt##1-11; 1-12; *I.V. v. American Airlines*, Dkt##1-12; 1-13.

C.     **The Manufacturers' Declaratory Judgment Actions**

On January 14, 2025, Viasat filed a complaint for declaratory judgment in the District of Delaware, seeking a declaration that its products do not infringe the '326 and '469 patents. *Viasat, Inc. v. Intellectual Ventures*, No. 25-56, Dkt#1 (D. Del. Jan. 14, 2025). On January 30, 2025, Anuvu filed a similar complaint in Delaware. *Anuvu, Corp. v. Intellectual Ventures*, No. 25-124 (D. Del. Jan. 30, 2025). As set forth in the Delaware Actions, Intellectual Ventures' litigation campaign directly accuses Viasat's and Anuvu's products of patent infringement, impacting the suppliers' businesses and relationships with their airline customers, and creating a controversy between these suppliers and Intellectual Ventures.

D.     **Southwest's Agreement to Be Bound**

Southwest agrees to be bound by any infringement findings in the Delaware Actions on the suppliers' declaratory judgment claims against Intellectual Ventures.

### III.     ARGUMENT

A.     **The Court Should Stay Claims Regarding In-Flight Connectivity Systems Pending Resolution of the Delaware Actions.**

This Court has broad discretion to stay proceedings to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Mott's LLP v. Comercializadora Eloro, S.A.*, 507 F. Supp. 3d 780, 785 (W.D. Tex. 2020) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding a motion to stay, this Court considers:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set.

3

*GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 21-807, 2022 WL 1037114, at *2 (W.D. Tex. Apr. 6, 2022) (quoting *Kirsch Rsch. & Dev., LLC v. Bluelinx Corp.*, No. 20-316, 2021 WL 4555803, at *3 (W.D. Tex. Oct. 4, 2021)); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014).

> **1. A stay will not prejudice or otherwise present a tactical disadvantage to Intellectual Ventures; it will instead reduce costs and be more efficient for all parties involved.**

Intellectual Ventures will not suffer any undue prejudice if the Court grants a stay. This action is in its infancy, as Southwest only just responded to the Complaint. The Complaint seeks exclusively monetary damages, which Intellectual Ventures can obtain, if justified, in the Delaware Actions. Dkt#1 at 34-35. And Intellectual Ventures cannot complain of forum shopping; it is incorporated in Delaware and is a frequent litigant there, having litigated nearly 50 cases in the District of Delaware, most for patent infringement. *See* Exhibit 3 (case list).

A stay would benefit Intellectual Ventures, Southwest, Viasat, Anuvu, and the Court by allowing Intellectual Ventures to press its claims that in-flight connectivity systems infringe its patents in the District of Delaware, where the manufacturers are party to the litigation, thus permitting Intellectual Ventures to compel necessary Viasat and Anuvu witnesses to appear at trial, which it could not do in this action under Rule 45. Southwest does not design, develop, or modify the accused in-flight connectivity systems, nor does it control their implementation. Declaration of Christopher Muhich (hereinafter, "Muhich Decl.") ¶¶ 2-3. In such actions, "the bulk of the relevant evidence comes from the supplier of the accused product, not the customer," and "a stay of the claims against the Customer Defendants is appropriate" to allow full access to that evidence from the manufacturers directly. *Topia Tech., Inc. v. Dropbox, Inc.*, No. 21-1373, 2022 WL 18109619, at *5 (W.D. Tex. Dec. 29, 2022).

4

### 2. A stay will simplify this action.

Resolving the claims regarding Viasat and Anuvu products in Delaware will simplify this case and streamline any trial. The Delaware Actions will resolve the question of infringement by all of the accused in-flight connectivity systems and obviate the existing need for (at least) two juries—one here, and one in the Eastern District of Texas—to consider overlapping questions of infringement concerning Viasat. *SITO Mobile R&D IP, LLC v. SFA Holdings Inc.*, No. 23-688, 2024 WL 3843804, at *4 (W.D. Tex. Apr. 19, 2024), *report and recommendation adopted*, 2024 WL 3843784 (W.D. Tex. May 23, 2024) ("The court finds that a stay would also simplify the issues in this case.").

#### i. The Delaware Actions will fully resolve the issues of infringement of the '469 and '326 Patents, reducing the issues before this Court.

Intellectual Ventures accuses Southwest of infringing the '469 and '326 patents based on Southwest's use of Viasat and Anuvu products. *See supra* § A. Because Southwest agrees to be bound by infringement rulings in the Delaware Actions, those actions will fully resolve the question of infringement of two patents in suit, thus reducing the complexity of this case. *See, e.g.*, *Dali Wireless, Inc. v. Ericsson Inc.*, No. 22-1313, 2023 WL 1423990, at *5 (W.D. Tex. Jan. 30, 2023) ("While some of Dali's claims against Verizon may persist, the issues will be greatly simplified by first resolving the claims against Ericsson."); *Topia Tech.*, 2022 WL 18109619, at *5 ("While some of Topia's claims against Sailpoint and Clear Channel may persist, the issues will be greatly simplified by first resolving the claims against Dropbox."); *GreatGigz Sols.*, 2022 WL 1037114, at *3 ("As the Federal Circuit has held, resolution of the major issues in the manufacturer action will likely resolve these issues as to their customers.") (quotation omitted).

#### ii. A stay will streamline discovery.

A stay will simplify discovery in this action, as "discovery in [the Texas] suits will focus largely on [the manufacturers] because [the manufacturer] is the entity engaged in design,

5

development, and sale of the accused products," and "[a] stay is therefore likely to streamline discovery in the Supplier Suit." *GreatGigz Sols.*, 2022 WL 1037114, at *4; *see* Muhich Decl. ¶ 4. Southwest does not design or modify the accused systems, and does not maintain the underlying technology including source code, which is exclusively under the control of the manufacturers. Muhich Decl. ¶¶ 2-4. Absent a stay, Intellectual Ventures would need to seek the bulk of evidence—if not all evidence—relating to the accused in-flight connectivity systems through third-party subpoenas. *See Decapolis Sys., LLC v. Univ. Health Sys. Servs. of Texas, Inc.*, No. 21-1252, 2022 WL 2373705, at *4 (W.D. Tex. June 30, 2022).; *DoDots Licensing Sols. LLC v. Samsung Elecs. Co.*, No. 22-535, 2023 WL 4687930, at *5 (W.D. Tex. July 20, 2023) ("The Court finds that this factor weighs in favor of a stay . . . While DoDots may need information from Best Buy regarding its sales of the accused products, Samsung likely possesses the relevant information.").

### iii. A stay will avoid inconsistent judgments.

A stay will preserve judicial resources by obviating the need for Intellectual Ventures' two separate cases to proceed on identical issues. Intellectual Ventures asserts the same infringement theory against Viasat products in this Court and in the Eastern District. "The only potential results of adjudicating these cases in parallel fashion would be the [two Texas courts] agree on the major issues of the litigation, thus producing wasteful and unnecessary litigation, or the courts disagree, thus producing conflicting decisions." *In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014). "A stay will also help avoid inconsistent judgments between these cases." *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 21-1284, 2022 WL 545051, at *5 (W.D. Tex. Feb. 23, 2022); *see also DoDots*, 2023 WL 4687930, at *5 ("While DoDots alleges that Best Buy directly infringes the asserted patents, DoDots' infringement allegations center on Best Buy's sale or offer for sale of the accused Apple devices."). The Delaware Actions will obviate the need for other courts and juries to consider the same claims, as Viasat and Anuvu supply in-flight connectivity services to other

6

airline customers. The Court should consider the likelihood that Intellectual Ventures will assert the same patents against Viasat's and Anuvu's other customers in any number of other courts, compounding needlessly duplicative litigation of the same claims against the same products.

### 3. Discovery has not begun, and trial has not been set.

Intellectual Ventures filed this action three months ago. This Court has held no proceedings and has not set a discovery schedule or trial date. When a trial date is "not yet set" and the parties have not yet "file[d] a scheduling order," a case is "still in its infancy," and this factor warrants a stay because it will "not uproot any minimal progress made" in the case. *GreatGigz Sols.*, 2022 WL 1037114, at *4; *see also DoDots*, 2023 WL 4687930, at *5.

**B. The Court Should Stay Claims Regarding the '326 and '469 Patents Under the Customer-Suit Exception to the First Filed Rule.**

"When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take[s] precedence." *In re Nintendo*, 756 F.3d at 1365. "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Topia Tech.*, 2022 WL 18109619, at *2 (quoting *Spread Spectrum LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011)). Courts in this District agree that "[w]here suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy" and "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *GreatGigz Sols.*, 2022 WL 1037114, at *1-2 (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). "This exception 'exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the true defendant in

7

the dispute.'" *GreatGigz Sols.*, 2022 WL 1037114, at *2 (quoting *In re Nintendo*, 756 F.3d at 1365); *Dali Wireless*, 2023 WL 1423990, at *5 ("while Dali alleges that Verizon may possess relevant evidence, the customer-suit exception is premised on the principle that the bulk of the relevant evidence comes from the supplier of the accused product, not the customer.").

The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *SITO Mobile*, 2024 WL 3843804, at *2 (quoting *Spread Spectrum*, 657 F.3d at 1357):

> In determining whether the customer suit exception applies, the court analyzes three factors: (1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product.

*SITO Mobile*, 2024 WL 3843804, at *2 (quoting *DoDots*, 2023 WL 4687930, at *2). "Courts are instructed to use a 'flexible approach' to avoid wasteful expenditure of resources, and therefore 'stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected.'" *Sonrai Memory*, 2022 WL 545051, at *5 (alteration in original) (quoting *In re Google Inc.*, 588 F. App'x at 991); *see also SITO Mobile*, 2024 WL 3843804, at *2.

### 1. Southwest is a mere user of Viasat's and Anuvu's in-flight connectivity systems.

Intellectual Ventures alleges that Southwest infringes by virtue of the manufacturer-provided systems.[1] For example, Intellectual Ventures alleges that infringement of the '326 patent

---

[1] Dkt#1 ¶¶ 87-101, 103-117. Intellectual Ventures identifies Viasat parts and products as exemplary across cases. *Compare* Dkt#1-11 at 8 ("Southwest provides in flight Wi-Fi connectivity through provider equipment provided by Viasat and Anuvu. This equipment is compliant with Wi-Fi 802.11n and 802.11ac protocols.") *with I.V. v. American Airlines*, Dkt#1-12 at 9 ("American Airlines provides in flight Wi-Fi connectivity through provider equipment, such as the Viasat Select Router and Panasonic modem. This equipment is compliant with Wi-Fi 802.11n and 802.11ac protocols."); *compare* Dkt#1-12 at 4 ("Southwest has partnered *with* Viasat and Anuvu to provide its passengers with in-flight Wi-Fi connectivity. Southwest aircraft are equipped with Viasat and Anuvu's In-Flight Connectivity system.") *with I.V. v. American Airlines*, Dkt#1-13 at 7 ("American Airlines has partnered with Intelsat, Viasat, GoGo, and Panasonic to provide its passengers with in-flight Wi-Fi connectivity. American Airlines' aircrafts are equipped with Intelsat, Viasat, GoGo, and Panasonic's In-Flight Connectivity system.").

occurs wholly within the Viasat Select Router and Anuvu's Cabin Wireless LAN Unit.[2] Muhich Decl. ¶ 2. Intellectual Ventures alleges infringement of the '469 patent by in-flight connectivity systems, citing only manufacturer documentation for each component.[3] *Id.* ¶ 2. Indeed, Viasat and Anuvu (i) provide all of the hardware, software, and connectivity services to Southwest; and: (ii) maintain exclusive design control over the components, configurations, and functions of the accused in-flight connectivity systems. *Id.* at ¶¶ 2-3. Southwest does not update the hardware or software provided by Viasat and Anuvu. *Id.* ¶ 3. Southwest relies fully on Viasat and Anuvu for ongoing system service, support, updates, and resolving technical issues concerning the accused in-flight connectivity systems. *Id.* ¶ 5. Any inquiry regarding the functionality of the accused Viasat or Anuvu in-flight connectivity systems is better directed to representatives of Viasat and Anuvu. *Id.* ¶ 2.

"Courts in the Fifth Circuit have consistently found that the first customer-suit exception factor weighs in favor of a stay where a customer-defendant is accused of merely using, operating, or promoting an accused product that had been developed and supplied by a third-party." *SITO Mobile*, 2024 WL 3843804, at *3 (collecting cases). Courts in this District have routinely held this factor favors staying of the customer suit where, as here, the complaint alleges a defendant "is an end user of [the accused] product in furtherance of its own business." *Id.*; *see also GreatGigz Sols.*, 2022 WL 1037114, at *3 ("because its Complaint is predicated entirely on Defendants' use of the supplier's product, the Court finds that this factor favors the stay."); *see also In re Google Inc.*,

---

[2] Dkt#1-11 at 5, 7, 9, 11 (citing *Viasat Select Router* data sheet; and *Anuvu Leading Connectivity Passenger Experience* product sheet).

[3] Dkt#1-12 at 5, 7-12, 14-16, 20-21, 30 (citing *Viasat Select Router* data sheet; *Viasat In-Flight Connectivity for Business Aviation* brochure; *What is ViaSat3?* article; and Anuvu press release).

9

588 F. App'x at 990 (finding the exception applies where the contentions "rely almost exclusively on the underlying functionalities provided in the base Android source code provided by Google").

### 2. Southwest agrees to be bound by the Delaware court's decisions.

Because Southwest agrees to be bound by the Delaware court's determination of infringement of any Viasat or Anuvu products, there is nothing further for this Court to adjudicate. "Such an agreement weighs heavily in favor of staying the current suit." *SITO Mobile*, 2024 WL 3843804, at *3 (internal quotation marks omitted); *see, e.g.*, *Topia Tech.*, 2022 WL 18109619, at *4; *GreatGigz Sols.*, 2022 WL 1037114, at *3.

### 3. Viasat and Anuvu are the sole suppliers of the accused in-flight connectivity systems, infringement by which is a "major issue" in this action.

As to the '326 and '469 patents, Intellectual Ventures accuses systems provided solely by Viasat and Anuvu. Dkt#1 ¶¶ 87-101, 103-117; Dkt##1-11, 1-12 *passim*. A stay of these claims will resolve all of Intellectual Ventures' claims of infringement against in-flight connectivity systems. This factor favors a stay so long as the manufacturer suit will resolve "'major issues' concerning the claims against the customer—not every issue." *Sonrai Memory*, 2022 WL 545051, at *4 (quoting *Spread Spectrum*, 657 F.3d at 1358); *see also Flygrip, Inc. v. Walmart Inc.*, No. 21-1082, 2022 WL 2373714, at *4 (W.D. Tex. June 29, 2022). Although there are other issues or patents that will remain to be tried in this Court, it can nevertheless "ameliorate concerns under this factor" by severing and staying only those claims that can be fully resolved in the manufacturer suits. *Sonrai Memory*, 2022 WL 545051, at *4. The Court should do so here.

## IV. CONCLUSION

Southwest requests that the Court sever and stay Intellectual Ventures' claims regarding Viasat's and Anuvu's in-flight connectivity systems pending resolution of the Delaware Actions.

| | |
|---|---|
| Date: February 12, 2025 | Respectfully submitted,<br><br>/s/ S. Wallace Dunwoody<br>Michael C. Wilson<br>State Bar No. 21704590<br>mwilson@munckwilson.com<br>S. Wallace Dunwoody<br>State Bar No. 24040838<br>wdunwoody@munckwilson.com<br>**Munck Wilson Mandala, LLP**<br>2000 McKinney Avenue, Suite 1900<br>Dallas, TX 75201<br>(972) 628-3600<br>(972) 628-3616 fax<br><br>David G. Henry<br>Texas Bar. No. 09479355<br>dhenry@munckwilson.com<br>**Munck Wilson Mandala, LLP**<br>510 Austin Avenue, Suite 3100<br>Waco, Texas 76701<br>(254) 362-2300<br>(254) 362-2304 fax<br><br>Tri T. Truong<br>Texas State Bar No. 24102969<br>ttruong@munckwilson.com<br>**Munck Wilson Mandala, LLP**<br>807 Las Cimas Parkway, Suite 300<br>Austin, Texas 78756<br>737-201-1600<br>737-201-1601 fax<br><br>*Attorneys for Southwest Airlines Co.* |

11

## CERTIFICATE OF CONFERENCE

I, the undersigned counsel, hereby certify that I conferred with Jon Waldrop, Will Ellerman, and other counsel for Plaintiffs on February 3, 2025, regarding the relief requested herein. Plaintiffs are opposed to the relief requested by this motion.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2025, the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

6957295