IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIASAT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-056-CFC |
| | ) | |
| INTELLECTUAL VENTURES I LLC | ) | |
| and INTELLECTUAL VENTURES II | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS, STAY, OR TRANSFER**

<table>
<tr><td></td><td>Karen E. Keller (No. 4489)</td></tr>
<tr><td></td><td>SHAW KELLER LLP</td></tr>
<tr><td>OF COUNSEL:</td><td>I.M. Pei Building</td></tr>
<tr><td>Matthew S. Warren</td><td>1105 North Market Street, 12th Floor</td></tr>
<tr><td>Erika H. Warren</td><td>Wilmington, DE 19801</td></tr>
<tr><td>Madeline A. Woodall</td><td>(302) 298-0700</td></tr>
<tr><td>WARREN KASH WARREN LLP</td><td>kkeller@shawkeller.com</td></tr>
<tr><td>2261 Market Street, No. 606</td><td>*Attorneys for Plaintiff*</td></tr>
<tr><td>San Francisco, CA, 94114</td><td></td></tr>
<tr><td>(415) 895-2940</td><td></td></tr>
</table>

Dated: March 6, 2025

## **TABLE OF CONTENTS**

**Pages**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.    I.V. Files Two Lawsuits Against Viasat's Customers, Accusing Viasat's
      In-Flight Connectivity Systems of Infringing the Patents-in-Suit . . . . . . . . . 3

B.    Viasat Files This Manufacturer Action, and its Customers Seeks Stays . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    Federal Circuit Law Requires the Texas Cases to Yield to This Action . . . . 4

      A.    Federal Circuit Law Controls, Not Third Circuit Law . . . . . . . . . . . . 5

      B.    Federal Circuit Law Requires That I.V.'s Customer
            Cases Yield to This Manufacturer Action . . . . . . . . . . . . . . . . . . . . . 6

      C.    I.V.'s Dismissal Arguments Are Without Merit . . . . . . . . . . . . . . . . . 7

II.   This Court Should Deny I.V.'s Request to Split This Single Action in
      Two, and to Transfer the Two New Actions Out of I.V.'s Home Forum . . . 11

      A.    Transfer is Prohibited Because Viasat Could Not Have Brought
            This Case in the Eastern or Western Districts of Texas . . . . . . . . . . . 11

      B.    The Discretionary Factors Oppose Transfer . . . . . . . . . . . . . . . . . . . 15

            1.    Plaintiff's Choice of Forum . . . . . . . . . . . . . . . . . . . . . . . . . . 15

            2.    Defendant's Choice of Forum . . . . . . . . . . . . . . . . . . . . . . . . 16

            3.    Whether the Claim Arose Elsewhere . . . . . . . . . . . . . . . . . . . . 17

# **TABLE OF CONTENTS**
*(continued)*

**Pages**

4. The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition . . . . . . . . . . . . . . 18

5. The Convenience of the Witnesses . . . . . . . . . . . . . . . . . . . . . 18

6. The Location of Books and Records . . . . . . . . . . . . . . . . . . . . 18

7. Enforceability of the Judgment . . . . . . . . . . . . . . . . . . . . . . . 18

8. Practical Considerations . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

9. Relative Administrative Difficulty Due to Court Congestion. . 19

10. Local Interest in Deciding Local Controversies . . . . . . . . . . . 19

11. Public Policies of the Fora . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

12. Familiarity with State Law in Diversity Cases . . . . . . . . . . . . 20

C. The Court Should Deny Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

## <u>TABLE OF AUTHORITIES</u>

*Cases* **Pages**

*Acumed LLC v. Stryker Corp.*,
525 F.3d 1319 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*ADE Corp. v. KLA-Tencor Corp.*,
138 F. Supp. 2d 565 (D. Del. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Apple Inc.*,
No. 2024-129, 2024 WL 3886316 (Fed. Cir. Aug. 21, 2024) . . . . . . . . . . . . . . 15

*Bank of Am. v. S.I.P. Assets, LLC*,
No. 07-159, 2007 WL 2698192 (D. Del. Sept. 11, 2007) . . . . . . . . . . . . . . . . . 7

*Blackbird Tech LLC v. E.L.F. Beauty, Inc.*,
No. 19-1150, 2020 WL 2113528 (D. Del. May 4, 2020) . . . . . . . . . . . . . . 16-18

*Brit. Telecomms. PLC v. Fortinet Inc.*,
424 F. Supp. 3d 362 (D. Del. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bristol-Myers Squibb Co. v. Mylan Pharms. Inc.*,
No. 22-1365, 2017 WL 3980155 (D. Del. Sept. 11, 2017) . . . . . . . . . . . . . . . 12

*Cellectis S.A. v. Precision Biosciences, Inc.*,
881 F. Supp. 2d 609 (D. Del. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cisco Sys., Inc. v. Ramot at Tel Aviv Univ. Ltd.*,
No. 21-1365, 2022 WL 16921988 (D. Del. Nov. 14, 2022) . . . . . . . . . . . . . . . 12

*Codex Corp. v. Milgo Elec. Corp.*,
553 F.2d 735 (1st Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Comcast Cable Commc'ns, LLC v. USA Video Tech, Corp.*,
No. 06-407, 2008 WL 1908612 (D. Del. Apr. 29, 2008) . . . . . . . . . . . . . . . . 5, 7

*Corixa Corp. v. IDEC Pharms. Corp.*,
No. 01-615, 2002 WL 265094 (D. Del. Feb. 25, 2002) . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES
*(continued)*

*Cases* **Pages**

*Deere & Co. v. AGCO Corp.*,
   No. 18-827, 2019 WL 140886 (D. Del. Jan. 9, 2019) . . . . . . . . . . . . . . . . . 13, 15

*Dippold-Harmon Enters., Inc. v. Lowe's Cos., Inc.*,
   No. 01-532, 2001 WL 1414868 (D. Del. Nov. 13, 2001) . . . . . . . . . . . . . . . . 5, 7

*Dynamic Data Techs., LLC v. Amlogic Holdings, Ltd.*,
   No. 19-1239, 2020 WL 1915261 (D. Del. Apr. 20, 2020) . . . . . . . . . . . . . . 19-20

*Elecs. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ethypharm S.A. France v. Abbott Lab'ys.*,
   707 F.3d 223 (3d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Fink v. Wilmington Tr., N.A.*,
   473 F. Supp. 3d 366 (D. Del. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 20-21

*In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*,
   751 F.3d 150 (3d Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Freedom Mortg. Corp. v. Irwin Fin. Corp.*,
   No. 08-146, 2009 WL 763899 (D. Del. Mar. 23, 2009) . . . . . . . . . . . . . . . . . . 5

*Fuisz Pharma LLC v. Theranos, Inc.*,
   No. 11-1061, 2012 WL 1820642 (D. Del. May 18, 2012) . . . . . . . . . . . . . . . . 20

*GE Healthcare Bio-Scis. AB v. Bio-Rad Lab'ys, Inc.*,
   No. 18-1899, 2019 WL 1985183 (D. Del. May 6, 2019) . . . . . . . . . . . . . . 13, 16

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES
*(continued)*

*Cases*                                                              **Pages**

*In re Google Inc.*,
    588 F. App'x 988 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-9, 19

*Jumara v. State Farm Insurance Co.*,
    55 F.3d 873 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 8

*Kerotest Mfg. Co. v. C-O Two Fire Equip. Co.*,
    342 U.S. 190 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Link_A_Media Devices Corp.*,
    662 F.3d 1221 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

*Microsoft Corp. v. Geotag Inc.*,
    847 F. Supp. 2d 675 (D. Del. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*,
    No. 12-462, 2012 WL 3777423 (D. Del. Aug. 30, 2012) . . . . . . . . . . . . . . . . . 12

*In re Mobile Telecomms. Techs., LLC*
    243 F. Supp. 3d 478 (D. Del. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14

*Newell v. O.A. Newton & Son Co.*,
    10 F.R.D. 286 (D. Del. 1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Nexans Inc. v. Belden Inc.*,
    996 F. Supp. 2d 396 (D. Del. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
    No. 12-88, 2012 WL 2803695 (D. Del. July 10, 2012) . . . . . . . . . . . . . . . . . 6, 8

# TABLE OF AUTHORITIES
*(continued)*

| *Cases* | **Pages** |

*Puff Corp. v. KandyPens, Inc.*,
  No. 20-976, 2020 WL 6318708 (D. Del. Oct. 28, 2020) . . . . . . . . . . . . . . . . . . 15

*Realtime Data LLC v. Egnyte, Inc.*,
  No. 17-1750, 2018 WL 5724040 (D. Del. Nov. 1, 2018) . . . . . . . . . . . . . . . 16, 20

*Realtime Data LLC v. Fortinet, Inc.*,
  No. 17-1635, 2018 WL 5630587 (D. Del. Oct. 31, 2018) . . . . . . . . . . . . . . . . 16

*Round Rock Research, LLC v. Dell, Inc.*,
  904 F. Supp. 2d 374 (D. Del. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Rosebud LMS, Inc. v. Salesforce.com, Inc.*,
  No. 17-1712, 2018 WL 6061343 (D. Del. Nov. 20, 2018) . . . . . . . . . . . . . . . . 16

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13, 16-17, 20-21

*Time Warner Cable, Inc. v. GPNE*,
  497 F. Supp. 2d 584 (D. Del. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Time Warner Cable, Inc. v. USA Video Tech. Corp.*,
  520 F. Supp. 2d 579 (D. Del. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*V&A Collection, LLC v. Guzzini Props. Ltd.*,
  46 F.4th 127 (2d Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*VLSI Tech. LLC v. Intel Corp.*,
  No. 18-966, 2018 WL 5342650 (D. Del. Oct. 29, 2018) . . . . . . . . . . . . . . . .16-17

*Williams v. Netflix, Inc.*,
  No. 22-1132, 2023 WL 3478568 (D. Del. May 16, 2023) . . . . . . . . . . . . 5, 8, 12

# TABLE OF AUTHORITIES
*(continued)*

| *Cases* | **Pages** |
|---|---|

*Wilson Wolf Mfg. Corp. v. Brammer Bio, LLC*,
No. 19-2315, 2020 WL 13119694 (D. Del. Dec. 8, 2020) . . . . . . . . . . . . . . . . 6, 8

## *Other Authorities*

*Hewlett Packard Enter. Co. v. Intellectual Ventures I LLC*,
No. 22-730, D.I. 11 (D. Del. June 17, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hewlett Packard Enter. Co. v. Intellectual Ventures I LLC*,
No. 22-730, D.I. 42 (D. Del. Nov. 14, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Intellectual Ventures I LLC v. Bank of America*,
No. 13-358 (W.D.N.C. June 12, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
No. 13-740 (E.D. Va. June 19, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Intellectual Ventures I LLC v. Fifth Third Bancorp.*,
No. 13-378 (S.D. Ohio June 4, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Intellectual Ventures I LLC v. HSBC USA, Inc.*,
No. 13-5386 (S.D.N.Y. Aug. 1, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Intellectual Ventures I LLC v. M&T Bank*,
No. 13-1274 (D. Del. Jul. 24, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Intellectual Ventures I LLC v. PNC Fin. Servs. Grp.*,
No. 13-740 (W.D Pa. May 29, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
No. 11-671, D.I. 39 (N.D. Cal. Apr. 11, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

National Judicial Caseload Profile,
https://uscourts.gov/sites/default/filesFcms_na_distprofile1231.2024.pdf . . . . . 19

## NATURE AND STAGE OF THE PROCEEDINGS

On January 14, plaintiff Viasat, Inc. ("Viasat") filed its complaint seeking a declaratory judgment of non-infringement of U.S. Patent Nos. 7,324,469 and 8,027,326.  Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "I.V.") moved to dismiss or stay under Fed. R. Civ. P. 12(b)(1), citing the "first-filed rule," and alternatively under 28 U.S.C. § 1404 to sever and transfer this action, sending some claims to the Eastern District of Texas and others to the Western District of Texas.

## SUMMARY OF ARGUMENT

This Court is the proper forum to resolve these claims, in every sense of the word "proper."  I.V. filed cases in the Eastern and Western Districts of Texas against Viasat's customers, American Airlines and Southwest Airlines, alleging infringement by Viasat's in-flight connectivity systems.  But I.V. carefully did not sue Viasat, the maker of the accused systems.  Seeking to aid its customers and to clear this cloud on its business, Viasat brought this action to resolve, once and for all, whether its systems infringe the '469 and '326 patents.  Following the long-established rule that courts resolve infringement claims against a manufacturer before those against its customers, Southwest and American moved

in their cases to sever and stay I.V.'s claims against Viasat's systems pending resolution of this manufacturer action.

In choosing this Court, Viasat sought to avoid squabbles over venue and jurisdiction. Both I.V. defendants are incorporated in Delaware, providing personal jurisdiction and venue in this Court. Indeed, I.V. has contested jurisdiction and venue when sued outside this District, but admitted it when sued here. And so Viasat filed this action in I.V.'s home court—this Court.

I.V. now seeks to exit its home jurisdiction, making legal arguments without merit. First, it moves under Fed. R. Civ. P. 12(b)(1) to dismiss or stay this action using the "first-filed rule," but that rule does not apply. I.V. wrongly cites Third Circuit law instead of governing Federal Circuit law, and wrongly cites cases resolving mirror-image disputes between the same parties, which are irrelevant where, as here, the manufacturer of an accused product responds to infringement actions against its customers. As the Federal Circuit has repeatedly confirmed, in these circumstances the manufacturer's action—*this action*—takes precedence over the patentee's customer suits. *E.g., Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."). The Court should therefore deny I.V.'s motion to dismiss or stay.

I.V. alternatively seeks to transfer this action under § 1404(a)—actually, to split this action and send claims regarding Viasat systems on Southwest aircraft to the Western District of Texas, and claims regarding Viasat systems on American aircraft to the Eastern District.  This motion too rests on a fundamental error:  I.V. does not try to show that this action "might have been brought" in either Texas district.  I.V. posits that it could have sued Viasat for infringement in those districts, but that is irrelevant.  What matters is only whether *Viasat* could have brought this declaratory action *against I.V.* in the Texas courts.  Because it could not, the Court may not transfer this action to Texas.  And should the Court proceed to examine the discretionary factors, it will find that they require denial as well.

The Court should deny I.V.'s motion.

## STATEMENT OF FACTS

### A.    I.V. Files Two Lawsuits Against Viasat's Customers, Accusing Viasat's In-Flight Connectivity Systems of Infringing the Patents-in-Suit

Viasat is a leading provider of in-flight connectivity in the United States; every major U.S. airline is a Viasat customer.  On November 2, 2024, I.V. sued Southwest Airlines and American Airlines in the Western and Eastern Districts of Texas, respectively.  Exs. 4, 6.[1]  In both actions, I.V. accused Viasat's in-flight

---

[1] Exhibits 1-9 are attached to the Complaint; Exhibits 10-15 are attached to the Declaration of Matthew S. Warren filed concurrently with this opposition brief.

connectivity systems of infringing the '469 and '326 patents.  Exs. 5, 7-11.

Although I.V.'s complaints and infringement contentions accused Viasat's systems

of infringement, *see id.*, I.V. chose not to sue Viasat, the maker of those systems.

## B.    Viasat Files This Manufacturer Action, and its Customers Seek Stays

Viasat filed this action on January 14.  D.I. 1.  Viasat's complaint states that

the Texas actions "directly accuse[] Viasat's products of patent infringement," and

seeks declarations that its products do not infringe either patent-in-suit.  *Id.* ¶ 1; *see*

*generally id.*  On February 12 and February 14, Viasat's customers moved to stay

I.V.'s claims regarding Viasat's systems, Exs. 12-13, and filed declarations

confirming that Viasat is the true defendant.  Exs. 14-15.  These declarations

confirmed what I.V.'s infringement contentions had already established:  that Viasat

provides, and is responsible for, the accused in-flight connectivity systems.  *See id.*

*See* Exs. 5, 7-11.  Both customers have agreed to be bound by any infringement

finding in this action.  Ex. 12 at 10; Ex. 13 at 3.

## ARGUMENT

## I.    Federal Circuit Law Requires the Texas Cases to Yield to This Action

I.V. moves under Fed. R. Civ. P. 12(b)(1) to dismiss or stay pursuant to the

"first-filed rule."  Br. at 5-11, 20-21.  But I.V.'s cases cite incorrect law, address

inapplicable facts, or both.  Under Federal Circuit law, which applies here, the Court should deny this motion.

### A.    Federal Circuit Law Controls, Not Third Circuit Law

 "In patent cases, application of the first-filed rule is governed by Federal Circuit law."  *In re Mobile Telecomms. Techs.*, *LLC*, 243 F. Supp. 3d 478, 483 (D. Del. 2017); *see also Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005) (explaining that the first-to-file rule is "an issue that falls within our exclusive subject matter jurisdiction" and so "the procedural rules of the regional circuits" do not apply).  But I.V. apparently missed the memo, repeatedly citing Third Circuit cases or cases citing them.  *See* Br. at 4 (citing *Comcast Cable Commc'ns, LLC v. USA Video Tech. Corp.*, No. 06-407, 2008 WL 1908612 (D. Del. Apr. 29, 2008)); Br. at 6 (citing *Dippold-Harmon Enters., Inc. v. Lowe's Cos., Inc.*, No. 01-532, 2001 WL 1414868 (D. Del. Nov. 13, 2001)); Br. at 7-8 (citing *Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007); *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584 (D. Del. 2007)); Br. at 8 (citing *Freedom Mortg. Corp. v. Irwin Fin. Corp.*, No. 08-146, 2009 WL 763899 (D. Del. Mar. 23, 2009)).  These cases have no bearing on this dispute; the Court should disregard them.  *Cf. Williams v. Netflix, Inc.*, No.

22-1132, 2023 WL 3478568, at *1 (D. Del. May 16, 2023) (finding waiver of arguments without legal authority).

### B.    Federal Circuit Law Requires That I.V.'s Customer Cases Yield to This Manufacturer Action

Applying the correct law of the Federal Circuit, the Court should deny I.V.'s motion to dismiss or stay.  When a manufacturer responds to an infringement action against its customers the question is not which court should hear the case, but *which parties* should litigate the claims.  *E.g.*, *In re Google Inc.*, 588 F. App'x 988 (Fed. Cir. 2014); *Katz*, 909 F.2d 1459; *Microsoft Corp. v. Geotag Inc.*, 847 F. Supp. 2d 675 (D. Del. 2012); *Wilson Wolf Mfg. Corp. v. Brammer Bio, LLC*, No. 19-2315, 2020 WL 13119694 (D. Del. Dec. 8, 2020); *Pragmatus Telecom, LLC v. Advanced Store Co.*, No. 12-88, 2012 WL 2803695 (D. Del. July 10, 2012). Instead, when a "case fits the 'customer suit' exception," courts confirm that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz*, 909 F.2d at 1464.  "This 'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (quoting *Codex Corp.*

*v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977).  This manufacturer

action should go forward; I.V.'s suits against Viasat's customers should wait.

### C.    I.V.'s Dismissal Arguments Are Without Merit

I.V. seeks to avoid litigation in this Court, but its arguments lack merit.  I.V.

misapplies cases involving mirror-image litigation, where A sues B for

infringement while B sues A for a declaration of non-infringement.  *See* Br. at 4

(citing *Comcast*, 2008 WL 1908612; *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d

931 (Fed. Cir. 1993)); Br. at 4-5 (citing *Cellectis S.A. v. Precision Biosciences, Inc.*,

881 F. Supp. 2d 609 (D. Del. 2012)); Br. at 5 (citing *Corixa Corp. v. IDEC Pharms.*

*Corp.*, No. 01-615, 2002 WL 265094 (D. Del. Feb. 25, 2002)); Br. at 6 (citing

*Dippold-Harmon*, 2001 WL 1414868; *Bank of Am. v. S.I.P. Assets, LLC*, No.

07-159, 2007 WL 2698192 (D. Del. Sept. 11, 2007)); Br. at 9 (citing *Nexans Inc. v.*

*Belden Inc.*, 966 F. Supp. 2d 396 (D. Del. 2013)).  In these mirror-image cases, the

parties and issues are identical, and so the only question remaining is which court

should resolve the dispute.  Mirror-image cases thus investigate topics such as who

filed first (*Comcast*, 2008 WL 1908612, at *2); whether a suit is "anticipatory" or

otherwise brought in "bad faith," or whether one case is far ahead of the other.

*Nexans*, 966 F. Supp. 2d at 403-04.  Notably, cases considering the customer-suit

exception do not examine the mirror-image factors, including order of filing,

because they are irrelevant to the analysis.  *E.g., Google*, 588 F. App'x 988; *Katz*, 909 F.2d 1459; *Microsoft*, 847 F. Supp. 2d 675; *Wilson*, 2020 WL 13119694; *Pragmatus*, 2012 WL 2803695.  I.V.'s reliance on mirror-image cases renders much of its brief irrelevant.  As with cases citing Third Circuit law, these cases have no bearing on this dispute; the Court should disregard them.  *Williams*, 2023 WL 3478568, at *1.

I.V. next argues that this Court must yield to Texas because, although Viasat is the first filer between itself and I.V., I.V.'s customer suits predate this manufacturer suit.  Br. at 5-6.  The Federal Circuit rejected this argument in *Google*, 588 F. App'x 988.  There as here, patentee Rockstar argued that the manufacturer case must yield to its "first-filed" customer cases; the Court was "unpersuaded by Respondents' argument that, despite not initially naming Google as a defendant, their actions are entitled to precedence under a first-filed designation since their complaints in Texas were filed before the California action, because, as the Supreme Court noted in rejecting a similar argument in *Kerotest Manufacturing*, 'the equities of the situation do not depend on this argument.'" 588 F. App'x at 990 n.2 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 186 n.6 (1952)).  The facts are the same here; *Google* controls.

I.V. next seeks dismissal because, it speculates, infringement by Viasat's airline customers might differ, in some unspecified way, from infringement by Viasat. *See* Br. at 10-11. Again, the Federal Circuit rejected this argument in *Google*. There, Rockstar argued that the customer-suit exception should not apply because of "each defendant mobile phone manufacturer's ability to modify and customize the Android platform." 588 F. App'x at 990. The Court disagreed, noting that "Respondents provided nearly identical infringement contentions to all defendants that rely almost exclusively on the underlying functionalities provided in the base Android source code provided by Google." *Id.* The same is true here, compelling the same result. *See* Exs. 5, 7-11. Indeed, in its motion to dismiss I.V. affirmatively argues that "[t]he Texas Litigations will be dispositive of all or nearly all issues in this case," Br. at 6, admitting just as Rockstar did "that the proceedings involve substantially the same controversy," and further confirming that this action should proceed. 588 F. App'x at 990.

Against this admission, I.V. vaguely alleges the possibility of differences in infringement between Viasat and its airline customers in one step of one claim of one patent, stating that "ViaSat is silent" about "the authentication step." Br. at 10. This argument is both misleading and false. It is misleading because I.V. *itself* is not "silent" about the authentication step; its Texas contentions cite Viasat

– 9 –

documentation to accuse Viasat hardware of being the "subscriber access unit" that is "capable of authenticating." Ex. 8 at 14-15; Ex. 11 at 16-17. And it is false because Viasat's complaint in this action addresses this step, stating that "authentication must occur locally" on the airplane (D.I. 1 ¶ 55) and claiming non-infringement because, in "Viasat's in-flight connectivity systems," "any 'authenticat[ion]' of a 'subscription account' is handled by terrestrial systems" off the airplane." *Id.* ¶ 61 (alteration in original).

I.V. next argues that proceeding with this suit will require separate consideration of alleged infringement by other manufacturers' systems. Br. at 6-7. But this is always true, since determining infringement of separate systems from separate sources always requires a separate factual finding. *See, e.g.*, *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008). And at trial, those separate factual findings must come from separate juries. 35 U.S.C. § 299. The choice is not whether there will be separate determinations of infringement for systems from Viasat and those from other manufacturers. Instead, this Court must decide whether multiple courts or juries will make duplicative determinations *about Viasat's systems* (as I.V. would require), or whether Viasat's alleged infringement should be resolved by one jury in this action (as Viasat suggests).

Finally, and ironically, I.V. complains that keeping this action alive might "involve overlapping witnesses and evidence." Br. at 6. Of course, it won't if the Texas courts follow Federal Circuit law and stay I.V.'s claims about Viasat's systems. In any event, I.V. confronts such overlap whenever it brings simultaneous cases in different courts regarding the same patents, which it has already done against Viasat's customers as well as in other cases. *I.V. I v. PNC Fin. Servs. Grp.,* No. 13-740 (W.D. Pa. May 29, 2013); *I.V. I v. Fifth Third Bancorp*, No. 13-378 (S.D. Ohio June 4, 2013); *I.V. I v. Bank of America*, No. 13-358 (W.D.N.C. June 12, 2013); *I.V. I v. Capital One Fin. Corp.*, No. 13-740 (E.D. Va. June 19, 2013); *I.V. I v. M&T Bank*, No. 13-1274 (D. Del. Jul. 24, 2013); *I.V. I v. HSBC USA, Inc.*, No. 13-5386 (S.D.N.Y. Aug. 1, 2013). I.V. generally loves "overlapping witnesses and evidence"; it dislikes them only in this Court. The Court should ignore I.V.'s insincere and selective assertion of this argument.

## II.    This Court Should Deny I.V.'s Request to Split This Single Action in Two, and to Transfer the Two New Actions Out of I.V.'s Home Forum

### A.    Transfer is Prohibited Because Viasat Could Not Have Brought This Case in the Eastern or Western Districts of Texas

The bulk of I.V.'s motion asks this Court to "sever and transfer this action to the Western District of Texas (Southwest) and Eastern District of Texas (American)." Br. at 11; *see id.* at 11-21. Like its motion to dismiss or stay, I.V.'s

transfer motion depends on fundamental legal error.  I.V. admits that the Court may transfer a case only when the transferee "court would have had proper personal jurisdiction, subject matter jurisdiction, and venue."  Br. at 12 (quoting *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, No. 12-462, 2012 WL 3777423, at *3 (D. Del. Aug. 30, 2012)).  But I.V. then goes astray, analyzing not whether *Viasat* could have brought this declaratory action *against I.V.* in the Eastern or Western Districts, but whether *I.V.* could have brought a hypothetical infringement action *against Viasat* in those courts.  Br. at 12-13.[2]

28 U.S.C. § 1404(a) allows this Court to "transfer any civil action to any other district or division where it might have been brought," not any district where the defendant might have otherwise sued the plaintiff.  "[U]nder § 1404(a), an action 'might have been brought' in the transferee forum 'only if the plaintiff had an unqualified right to bring the action in the transferee forum at the time of the commencement of the action.'"  *Williams*, 2023 WL 3478568, at *1 (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970)).  I.V. does not claim that

---

[2] I.V. does not even cite the correct statute.  "Venue in a declaratory judgment action for patent noninfringement and invalidity is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), and not the special patent infringement venue statute, 28 U.S.C. § 1400(b)."  *Cisco Sys., Inc. v. Ramot at Tel Aviv Univ., Ltd.*, No. 21-1365, 2022 WL 16921988, at *6 (D. Del. Nov. 14, 2022) (quoting *Bristol-Myers Squibb Co. v. Mylan Pharms. Inc.*, No. 22-1365, 2017 WL 3980155, at *6 n.8 (D. Del. Sept. 11, 2017)).  I.V. argues only § 1400(b).  Br. at 12-13.

Viasat could have filed this declaratory action in the Eastern or Western Districts of

Texas, and has thus waived any argument that this case "might have been brought"

in either transferee district. *In re Fosamax (Alendronate Sodium) Prods. Liab.*

*Litig. (No. II)*, 751 F.3d 150, 157 (3d Cir. 2014)) ("an issue is waived unless a party

raises it in its opening brief") (quoting *Ethypharm S.A. France v. Abbott Lab'ys.*,

707 F.3d 223, 231 n.13 (3d Cir. 2013)); *see Williams*, 2023 WL 3478568, at *1.

The Court can and should deny transfer without proceeding further. *See Williams*,

2023 WL 3478568, at *1-2; *Brit. Telecomms. PLC v. Fortinet Inc.*, 424 F. Supp. 3d

362, 369 (D. Del. 2019); *Deere & Co. v. AGCO Corp.*, No. 18-827, 2019 WL

140886, at *2 (D. Del. Jan. 9, 2019); *GE Healthcare Bio-Scis. AB v. Bio-Rad*

*Lab'ys, Inc.*, No. 18-1899, 2019 WL 1985183, at *2 (D. Del. May 6, 2019).

   Should the Court nevertheless proceed to examine the correct § 1404(a)

question of whether Viasat had "an unqualified right to bring the action in the

transferee forum at the time of the commencement of the action," *Williams*, *supra*,

it will find that Viasat did not. "If there is a 'real question' whether a plaintiff

could have commenced the action originally in the transferee forum, it is evident

that [the plaintiff] would not have an unqualified right to bring [its] cause in the

transferee forum." *GE Healthcare*, 2019 WL 1985183, at *1 (quoting *Shutte*, 431

F.2d at 24)) (alteration in original); *see, e.g.*, *Deere*, 2019 WL 140886, at *1.

At minimum, just such a "real question" prevents the Court from splitting this case and sending portions to the Eastern and Western Districts of Texas. When sued outside this District, I.V. has often contested venue and jurisdiction. *E.g.*, *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. 11-671, D.I. 39 at 9:23-10:5 (N.D. Cal. Apr. 11, 2011). But in this District it admits to both. *E.g.*, *Hewlett Packard Enter. Co. v. Intellectual Ventures I LLC*, No. 22-730, D.I. 11 ¶ 6 (D. Del. June 17, 2022) (complaint asserting personal jurisdiction and venue); *id.*, D.I. 42 ¶ 6 (D. Del. Nov. 14, 2022) (answer admitting same). As it must: both I.V. defendants are Delaware limited liability corporations, making Delaware their "place of incorporation," a location "in which the corporation is fairly regarded as at home" and subject to general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Mobile Telecomms.*, 243 F. Supp. 3d at 484 ("venue is proper" against Delaware LLC because Delaware is where it is "organized and exists as a legal entity and, therefore, resides"). Viasat did not try to find jurisdiction in a court near its headquarters. Viasat did not forum shop. Viasat sued I.V. in I.V.'s home court.

Conversely, Viasat is aware of *no evidence* that personal jurisdiction or venue over either I.V. defendant would be proper in Texas, and I.V. cites none. Notably, neither I.V. I nor I.V. II has ever been a defendant in either the Eastern or

the Western District.[3]  At minimum, Viasat would have faced a "real question" on

jurisdiction in those courts, preventing them from being a "district or division

where" this declaratory action "might have been brought," and preventing this

Court from sending any part of this action to Texas.  *Deere*, 2019 WL 140886, at

*1.  The Court need not consider I.V.'s argument any further.

## B.    The Discretionary Factors Oppose Transfer

Even if this action "might have been brought" in the Eastern and Western

Districts of Texas, the Court should still deny transfer under the "*Junara* factors."

*Junara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).[4]

### 1.    Plaintiff's Choice of Forum

This factor opposes transfer, and is "a paramount consideration in the

§ 1404(a) balancing analysis."  *Puff Corp. v. KandyPens, Inc.*, No. 20-976, 2020

WL 6318708, at *2 (D. Del. Oct. 28, 2020).  I.V. relies on *In re Link_A_Media*

---

[3] Both I.V. I and I.V. II are sometimes *counterclaim*-defendants, but that means nothing since "a plaintiff, by instituting suit against a defendant, 'thereby waives any right to object to the venue of any counterclaim, whether compulsory or permissive, interposed by the defendant.'"  *Newell v. O. A. Newton & Son Co.*, 10 F.R.D. 286, 287 (D. Del. 1950) (quoting 3 Moore's Federal Practice (2d Ed.) § 13.16)); *see, e.g.*, *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 132 (2d Cir. 2022).  In Texas, I.V. I and I.V. II have been prolific plaintiffs, sometime counterclaim-defendants, but never ordinary defendants over whom a Court must establish personal jurisdiction and venue.

[4] Although this is a patent case, courts considering § 1404 transfer motions "apply regional circuit law."  *In re Apple Inc.*, No. 2024-129, 2024 WL 3886316, at *1 (Fed. Cir. Aug. 21, 2024).

*Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011), and argues that "ViaSat's choice of forum is not relevant" because "the only connection between ViaSat and Delaware is that ViaSat is incorporated in Delaware." Br. at 13; *see id.* at 13-14. But Third Circuit law controls, *Link_A_Media* applies only when the plaintiff is "is a non-United States company," *Blackbird Tech LLC v. E.L.F. Beauty, Inc.*, No. 19-1150, 2020 WL 2113528, at *3 (D. Del. May 4, 2020), and, as this Court has repeatedly explained, "binding Third Circuit law compels" the Court to treat Viasat's forum choice as "paramount." *Puff*, 2020 WL 6318708, at *2; *see Fink v. Wilmington Tr., N.A.*, 473 F. Supp. 3d 366, 374-75 (D. Del. 2020); *Blackbird*, 2020 WL 2113528, at *2; *GE Healthcare*, 2019 WL 1985183, at *3; *Rosebud LMS, Inc. v. Salesforce.com, Inc.*, No. 17-1712, 2018 WL 6061343, at *2-3 (D. Del. Nov. 20, 2018); *Realtime Data LLC v. Egnyte, Inc.*, No. 17-1750, 2018 WL 5724040, at *2 (D. Del. Nov. 1, 2018); *Realtime Data LLC v. Fortinet, Inc.*, No. 17-1635, 2018 WL 5630587, at *2 (D. Del. Oct. 31, 2018); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966, 2018 WL 5342650, at *2 (D. Del. Oct. 29, 2018).

## 2.    Defendant's Choice of Forum

This factor favors transfer, but is not "a paramount consideration." *Shutte*, 431 F.2d at 25. I.V. argues that *Shutte*'s reference to "the plaintiff" actually means

"the plaintiff in the first-filed action" rather than the usual meaning of plaintiff in the current action.  Br. at 14-15.  But *Shutte* says no such thing.  *See supra* § II.B.1.

### 3.    Whether the Claim Arose Elsewhere

This factor is neutral.  The "research and development efforts associated" with the accused technology occurred at Viasat in California and other locations, but not here or in Texas.  *VLSI*, 2018 WL 5342650, at *6; *Fortinet*, 2018 WL 5630587, at *6.  I.V. focuses on alleged infringement by the customers (Br. at 15-16), which is irrelevant here.  In any event, American and Southwest are international airlines.  If Viasat's customers did matter, this factor would still be neutral.  If infringement occurs in Texas because planes with Viasat's in-flight connectivity fly over the Lone Star State, those same planes also infringe when they fly over Delaware.

### 4.    The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

This factor opposes transfer.  "[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient."  *Blackbird*, 2020 WL 2113528, at *3 (quoting *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001)) (alteration in original).  All parties are Delaware residents.  I.V. claims it

cannot bear the awful burden of litigating in two states at the same time, but it does

so routinely in many more than two.  *See supra* § I.C.

### 5.   The Convenience of the Witnesses

This factor is neutral.  It "carries weight 'only to the extent that the witnesses

may actually be unavailable for trial in one of the fora,'" and only for non-party

witnesses.  *Blackbird*, 2020 WL 2113528, at *4 (quoting *Jumara*, 55 F.3d at 879).

Neither party points to any witness unavailable for trial in any court.

### 6.   The Location of Books and Records

This factor opposes transfer.  *Jumara* allows consideration of "books and

records only 'to the extent that the files [and other documentary evidence] could

not be produced in the alternative forum.'"  *Blackbird*, 2020 WL 2113528, at *4

(quoting *Jumara*, 55 F.3d at 879) (alteration in original).

### 7.   Enforceability of the Judgment

This factor is neutral.  *Blackbird*, 2020 WL 2113528, at *4.

### 8.   Practical Considerations

This factor opposes transfer.  There is only one way to resolve whether

Viasat's systems infringe I.V.'s patents in a single action:  this action, in this Court.

I.V. proposes that two different courts should examine the same evidence about the

same systems, splitting claims based on whether airplanes using Viasat's systems

are painted with Southwest's heart logo or American's eagle. I.V. seeks precisely the "wasteful and duplicative litigation" that the customer-suit exception exists to avoid. *Google*, 588 F. App'x at 990.

But it gets worse. I.V.'s proposal would resolve only claims regarding Viasat systems installed on Southwest and American planes, thus leaving I.V. free to bring yet more cases against other Viasat customers, including every other major U.S. airline, in who-knows-how-many courts. This action will resolve I.V.'s claims against Viasat once and for all. D.I. 1. Transfer would frustrate that goal.

### 9. Relative Administrative Difficulty Due to Court Congestion

This factor opposes transfer. Citing reports from March 2024, I.V. claims the Texas courts have gotten to trial faster than this Court. Br. at 19. But reports from December 2024 put this Court's time-to-trial (32.3 months) between the Eastern (23.0) and Western (33.9) Districts. *See* National Judicial Caseload Profile, https://uscourts.gov/sites/default/files/2025-02/fcms_na_distprofile1231.2024.pdf. In the future, this Court should become faster than the Texas courts, as their filings per judgeship (582 and 1,061) are much higher than this Court's 406. *See id.*

### 10. Local Interest in Deciding Local Controversies

This factor opposes transfer. "[P]atent issues do not give rise to a local controversy or implicate local interests." *Dynamic Data Techs., LLC v. Amlogic*

*Holdings, Ltd.*, No. 19-1239, 2020 WL 1915261, at *4 (D. Del. Apr. 20, 2020).

But all parties to this action are Delaware corporations, and this is I.V.'s home

court; it should decide this action. I.V. argues that the location of Viasat's

customers is what matters (Br. at 20), citing a single case that does not actually

consider the location of non-parties, but does confirm that "Delaware has a real

local interest in the outcome of a significant legal dispute between its corporate

citizens." *Fuisz Pharma LLC v. Theranos, Inc.*, No. 11-1061, 2012 WL 1820642,

at *17 (D. Del. May 18, 2012).

### 11. Public Policies of the Fora

This factor opposes transfer. "Delaware's public policy encourages

Delaware corporations to resolve their disputes in Delaware courts." *Egnyte*, 2018

WL 5724040, at *6 (citing *Round Rock Research, LLC v. Dell, Inc.*, 904 F. Supp.

2d 374, 378 (D. Del. 2012)).

### 12. Familiarity with State Law in Diversity Cases

This factor is neutral.

### C. The Court Should Deny Transfer

I.V. has "the burden 'to establish that a balancing of proper interests

weigh[s] in favor of the transfer.'" *Fink*, 473 F. Supp. 3d at 374 (alteration in

original) (quoting *Shutte*, 431 F.2d at 25). "This burden is heavy: '[U]nless the

balance of convenience of the parties is strongly in favor of [the] defendant[s], the plaintiff's choice of forum should prevail.'"  *Fink*, 473 F. Supp. 3d at 374 (alterations in original) (quoting *Shutte*, 431 F.2d at 25).  Seven factors oppose transfer, including one of paramount importance; four are neutral, and one favors transfer.  The Court should accordingly deny transfer.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Court should deny I.V.'s motion.

*/s/ Karen E. Keller* _____
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorneys for Plaintiff*

OF COUNSEL:
Matthew S. Warren
Erika H. Warren
Madeline A. Woodall
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, CA, 94114
(415) 895-2940

Dated: March 6, 2025

## **CERTIFICATE OF COMPLIANCE**

I hereby confirm that this brief complies with the type and number limitations set forth in the November 10, 2022 Standing Order Regarding Briefing in All Cases. I certify that this document contains 4,734 words, which were counted using the word count feature in Microsoft Word, in 14-point Times font. The word count does not include the cover page, tables, or the counsel blocks.

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorneys for Plaintiff*