# Exhibit A

| | |
|---|---|
| **From:** | Matt Warren |
| **To:** | John Downing; Intellectual Ventures; Brian Farnan; Michael Farnan |
| **Cc:** | Karen Keller; SKViasat; Viasat Inc. v. Intellectual Ventures I, LLC |
| **Subject:** | Viasat Inc. v. Intellectual Ventures I, LLC, Case No. 25-56 (D. Delaware) |
| **Date:** | Monday, March 17, 2025 2:57:24 PM |

John and I.V. counsel:

I write in response to your email listing factual topics regarding which I.V. would like additional information from Viasat.  It will not surprise you to learn that Viasat has its own list of factual topics regarding which we would like additional information from I.V.  We can both get what we want without reinventing the wheel, as the Federal Rules of Civil Procedure provide a mechanism for litigating parties to exchange information on factual topics:  discovery.  Viasat is ready to open discovery in this matter, and your email indicates that I.V. is ready to do so as well.  Opening discovery will allow both I.V. and Viasat to obtain appropriate factual information as allowed by the governing rules.  Please let us know when you are available for a Rule 26(f) conference.

Separately, and even if I.V. refuses to open discovery in this matter, I.V. and its attorneys have an obligation to pursue claims only if they are valid.  We noted in the complaint that "Intellectual Ventures announced it had entered into an intellectual property license agreement with Hewlett Packard Enterprise, the parent company of Aruba Networks, LLC," and stated our belief that this license exhausts I.V.'s claims under the '326 patent against Viasat systems.  You have had those allegations since January 14; when you and I spoke on January 28, you confirmed that you did not want to pursue claims that were exhausted, and that you would review the license agreement we referenced in our complaint.  When we spoke again on February 25, you confirmed that you had reviewed that agreement, but declined to state whether exhaustion applied.  We don't have the agreement, so we can't be more definitive than we have been in the complaint, which was pretty definitive.  If you have any reason to believe that exhaustion might cover some or all of your claims under the '326 patent, you should not withhold this information, thus multiplying litigation and its costs, but should tell us your understanding of what exhaustion covers.  We will of course keep this information confidential.  Please let us know if I.V. has a view regarding the scope of exhaustion, or if you choose to withhold this information until discovery proceeds in this action.

Thank you for your continued time and courtesy in this matter.

Best Regards,
Matt Warren

--
Matt Warren      matt@warrenkashwarren.com      +1 (415) 895-2928