# Exhibit C

ORAL ORDER re 52 Joint Motion for Teleconference to Resolve Discovery Dispute. Having reviewed the parties' discovery dispute letter submissions (D.I. 58; D.I. 59), IT IS ORDERED that Plaintiff's motion to compel Defendant to produce its source code for its document generation and management platform is GRANTED-IN-PART. The motion is GRANTED to the extent Plaintiff seeks source code on the accused functionalities of Defendant's document generation and management platform, identified in Plaintiff's moving submission as "Inkits 'flow' generation, template usage, organization and user security and management, 'webhooks,' 'Magic Links,' and API." (D.I. 58 at 1) Defendant agreed to produce source code in its response to Request for Production No. 1 and does not object to the relevance of the requested code. (Id., Ex. 1 at 8-9) Instead, Defendant seeks to delay the production of source code until after the court resolves the pending motion for judgment on the pleadings. (D.I. 59) In this district, discovery generally proceeds during the pendency of a Rule 12 motion. See Morales v. Sunpath Ltd., C.A. No. 20-1376-JLH-SRF, 2024 WL 1198054, at *2 (D. Del. Mar. 20, 2024) (denying motion to stay discovery during pendency of motion to dismiss); Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc., C.A. No. 17-1687-LPS-CJB, 2019 WL 126192, at *1-2 (D. Del. Jan. 8, 2019) (noting the court's "responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims."). The facts of this case do not warrant a deviation from the standard practice where, as here, the deadline for substantial completion of document production passed on October 25, 2024. (D.I. 15 at ¶ 3(b); D.I. 55) Defendant's arguments regarding burden are similarly unpersuasive. Correspondence exchanged during the meet and confer process consistently states that Defendant will produce its source code once the pending Rule 12 motion is resolved, with no mention of burden. (D.I. 58, Ex. 2 at 1; Ex. 3 at 2; D.I. 59, Ex. A at 2) Defendant's concerns about the scope of the production are addressed by the court's limitation of the source code production to the accused functionalities identified in Plaintiff's moving submission: "Inkits 'flow' generation, template usage, organization and user security and management, 'webhooks,' 'Magic Links,' and API." (D.I. 58 at 1) To the extent that Plaintiff seeks source code beyond the code for these accused functionalities, Plaintiff's motion is DENIED without prejudice. Defendant offers to provide Plaintiff a product license at no cost for full access to the accused product in lieu of source code, but there is no evidence to suggest this compromise offer was made during the meet and confer process when Plaintiff could address it and potentially remove this issue from the court's calendar. (D.I. 59, Ex. A at 2) To the extent that Defendant is concerned about producing its "crown jewels" when there is a chance the case will be dismissed, the court notes that a protective order governing the production of source code is in place. (D.I. 31 at ¶ 6) Therefore, IT IS ORDERED that Defendant shall produce source code for the accused functionalities of its document generation and management platform no later than January 6, 2025. IT IS FURTHER ORDERED that the discovery dispute teleconference set for December 9, 2024 at 3:00 p.m. is CANCELLED. Ordered by Judge Sherry R. Fallon on 12/5/2024. (lih) (Entered: 12/05/2024)

As of December 6, 2024, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*airSlate, Inc. v. Inkit, Inc.*
1-23-cv-01307 (DDE), 12/5/2024, docket entry 60