

March 26, 2025

**VIA E-FILING**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

    Re:    **<u>Viasat, Inc. v. Intellectual Ventures I LLC (C.A. No. 25-56-CFC)</u>**

Dear Chief Judge Connolly,

    We represent Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC ("IV") in the above-captioned matter. We write in response to Plaintiff ViaSat, Inc.'s ("ViaSat") letter to Your Honor, dated March 25, 2025, requesting that the Court schedule a Rule 16 Scheduling Conference so that the parties can schedule a Rule 26(f) conference and begin formal discovery (the "Letter"). D.I. 24.

    Setting a Rule 26(f) conference is premature. IV moved to dismiss, stay, or transfer ViaSat's declaratory judgement claim in favor of first-filed actions covering the same patents. (*See e.g.* DI. 14 at 5) ("Motion"). In other words, IV requested expressly that, if the Court does not dismiss or transfer Viasat's case outright, it stay this proceeding – *i.e.*, *including discovery*. Briefing was completed March 17. (D.I. 21). By asking that the Court decide now that discovery should proceed, ViaSat is effectively asking the Court to decide IV's motion before its hearing date (based on untimely and, for the reasons IV discussed in its Motion briefs, unconvincing arguments). Moreover, while it is true that IV has informally requested information from ViaSat regarding ViaSat's patent exhaustion allegations for the '326 patent and has agreed to provide ViaSat with the licenses that it requested so that ViaSat can further evaluate the issue, these efforts to engage prior to formal discovery are not grounds to open discovery. Indeed, contrary to ViaSat's argument, the proper approach here would be to stay discovery pending a determination on IV's Motion. *See Ferrari v. Forbes Media, Inc.*, No. 25-12-GBW, 2025 WL 860064, at *3-4 (D. Del. Mar. 19, 2025) (granting motion to stay and noting case law holding that "it

may be appropriate to stay discovery while evaluating a motion to dismiss"), citing *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010).

            Respectfully submitted,

            /s/ Brian E. Farnan

            Brian E. Farnan

cc: Counsel of Record (Via E-Filing)