IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASAT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-056-CFC |
| | ) |
| INTELLECTUAL VENTURES I LLC | ) |
| and INTELLECTUAL VENTURES II | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION BARRING
DUPLICATIVE CLAIMS AGAINST VIASAT'S CUSTOMERS
PENDING RESOLUTION OF THIS MANUFACTURER ACTION**

OF COUNSEL:
Matthew S. Warren
Erika H. Warren
Madeline A. Woodall
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, CA, 94114
(415) 895-2940

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

Dated: April 21, 2025

# **TABLE OF CONTENTS**

**Pages**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   I.V. Makes No Argument Against *Katz*, Thus Waiving It . . . . . . . . . . . . . . . 1

II.  Viasat's Motion Established That the Customer-Suit Exception Applies
     To This Action; I.V. Wrongly Asks This Court to Nullify It . . . . . . . . . . . . . 2

     A.  I.V. Cannot Avoid the Customer-Suit Exception by Arguing That
         It Followed the Venue Statute Governing Infringement Cases . . . . . . 3

     B.  I.V. Cannot Avoid the Customer-Suit Exception by Arguing That
         It Has Asserted Other Claims in Its Customer Cases . . . . . . . . . . . . . 3

     C.  I.V. Cannot Avoid the Customer-Suit Exception by Claiming
         Against All Evidence That Viasat Has No Relevant Documents . . . . 4

     D.  I.V. Cannot Avoid the Customer-Suit Exception by Claiming That
         Viasat is Not Indemnifying Its Customers, When I.V. Knows It Is . . . 5

     E.  I.V. Cannot Avoid the Customer-Suit Exception by Arguing That
         It Has No Office in Delaware, Its State of Incorporation . . . . . . . . . . 5

     F.  I.V. Cannot Avoid the Customer-Suit Exception by Noting That
         Viasat Sources Portions of Its Systems From Other Companies . . . . . 6

III. Even Under the Traditional Factors, the Court Should
     Enjoin I.V. From Pursuing Its Customers Suits . . . . . . . . . . . . . . . . . . . . . . . 7

     A.  Federal Circuit Law Controls, Not Third Circuit Law . . . . . . . . . . . . 7

     B.  Viasat Has a Likelihood of Success . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     C.  Viasat Would Suffer Irreparable Harm Without an Injunction . . . . . . 8

## **TABLE OF CONTENTS**
*(continued)*

**Pages**

  D. The Balance of Equities Favor an Injunction . . . . . . . . . . . . . . . . . . . 9

  E. The Public Interest Favors an Injunction . . . . . . . . . . . . . . . . . . . . . . 10

IV. The Court Should Not Require Viasat to Post a Bond . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## **TABLE OF AUTHORITIES**

*Cases* **Pages**

*Advanced Micro Devices, Inc. v. Mediatek Inc.*,
  No. 19-70, 2019 WL 4082836 (D. Del. Aug. 29, 2019) . . . . . . . . . . . . . . . . .  10

*Advanced Micro Devices, Inc. v. S3 Graphics Co.*,
  No. 11-965, 2011 WL 5402667 (D. Del. Nov. 8, 2011) . . . . . . . . . . . . . . . . .  9

*Celsis In Vitro, Inc. v. CellzDirect, Inc.*,
  664 F.3d 922 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Codex Corp. v. Milgo Elec. Corp.*,
  553 F.2d 735 (1st Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Finisar Corp. v. Cheetah Omni, LLC*,
  No. 11-15625, 2012 WL 12931575 (E.D. Mich. Nov. 19, 2012) . . . . . . . . . . 8-10

*Golden Fortune IMp. & Exp. Corp. v. Mei-Xin Ltd.*,
  No. 22-1710, 2022 WL 3536494 (3d Cir. Aug. 5, 2022) . . . . . . . . . . . . . . . . . 7

*GOLO, LLC v. Goli Nutrition Inc.*,
  No. 20-667, 2020 WL 5203601 (D. Del. Sept. 1, 2020) . . . . . . . . . . . . . . . . . 7

*In re Google Inc.*,
  588 F. App'x 988 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6, 10

*Instant Air Freight Co. v. C.F. Air Freight, Inc.*,
  882 F.2d 797 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 9

*Kos Pharm., Inc. v. Andrx Corp.*,
  369 F.3d 700 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lab'y Corp. of Am. Holdings v. Chiron Corp.*,
  384 F.3d 1326 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

# TABLE OF AUTHORITIES
*(continued)*

*Cases* **Pages**

*Manganaro v. Interoptec Corp.*,
  874 F.Supp. 660 (E.D. Pa. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*,
  24 F.3d 519 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Merial Ltd. v. Cipla Ltd.*,
  681 F.3d 1283 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Metro. Life Ins. Co. v. Scott*,
  587 F.Supp 451 (W.D. Pa. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*,
  428 F.3d 504 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Williams v. Netflix*,
  No. 22-1132, 2023 WL 3478568 (D. Del. May 16, 2023) . . . . . . . . . . . . . . . . 2

*Statutes & Rules*

28 U.S.C. § 1400 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 124 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Other Authorities*

*In re Google Inc.*,
  No. 14-147, D.I. 20-1 (Fed. Cir. Aug. 22, 2014) . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES
*(continued)*

*Other Authorities* **Pages**

*In re Google Inc.*,
  No. 14-147, D.I. 21-1 (Fed. Cir. Aug. 25, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Katz v. Lear Siegler, Inc.*,
  No. 87-495, D.I. 14 (D. Mass. Aug. 5, 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Katz v. Lear Siegler, Inc.*,
  No. 87-495, D.I. 103 (D. Mass. Aug. 18, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Other Proceedings*

*Anuvu Corp. v. Intellectual Ventures I LLC*,
  No. 25-124 (D. Delaware) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# INTRODUCTION

Seventeen pages into its opposition to Viasat's motion for a preliminary injunction, I.V.'s fifth brief on the customer-suit exception, I.V. finally admits why it so desperately seeks to litigate anywhere but here: the "real money" for I.V. is in suing the airlines. Desire for "real money" explains I.V.'s insistence on pursuing claims against Viasat's systems in two courts instead of one, I.V.'s refusal to litigate in its home court, and its willingness to rely on incorrect and inapplicable law. Indeed, desire for "real money" explains why I.V.'s opposition essentially asks this Court to nullify the customer-suit exception. But I.V.'s desire for "real money" cannot change the law; the customer-suit exception applies here and empowers this Court to enjoin I.V. from pursuing customer cases. The Court should do so.

# ARGUMENT

## I.    I.V. Makes No Argument Against *Katz*, Thus Waiving It

Viasat's motion explained that, in deciding whether to enjoin I.V.'s customer suits, the Federal Circuit's decision in *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) required this Court to eschew the traditional four-factor test and focus instead on whether the customer-suit exception applies. *See* Mot. at 7-8, 14-15. Viasat then argued in the alternative that it should also prevail under the traditional four-factor test. *Id.* at 15-18. But I.V.'s opposition skips over Viasat's

– 1 –

primary argument, addressing only what a "party seeking injunctive relief under traditional factors must establish." Opp. at 7; *see id.* at 12-19. I.V. has thus waived any argument against the binding effect of *Katz* on this Court, and against the *Katz* standard for resolution of this motion. *See, e.g.*, *Williams v. Netflix, Inc.*, No. 22-1132, 2023 WL 3478568, at *1 (D. Del. May 16, 2023). Based on this waiver, the Court can and should enjoin I.V. if it finds that the customer-suit exception applies to this action.

## II. Viasat's Motion Established That the Customer-Suit Exception Applies To This Action; I.V. Wrongly Asks This Court to Nullify It

As Viasat's motion showed, I.V.'s contentions in its customer cases confirm that the exception applies and that this manufacturer case should proceed before the customer cases. Mot. at 2-5, 8-14. In opposition, I.V. largely rests on its prior papers, although Viasat's motion rebutted those briefs. Opp. at 8, 10; Mot. at 8-14. Where I.V. does respond to Viasat's motion, its arguments would nullify the customer-suit exception by allowing any patentee to avoid it in any case. I.V. may believe the customer-suit exception will thwart its attempt to get "real money" in the customer cases, but that is the law; I.V.'s contrary arguments have no merit.

### A. I.V. Cannot Avoid the Customer-Suit Exception by Arguing That It Followed the Venue Statute Governing Infringement Cases

I.V. argues that its customer cases have priority because it "sued the airline defendants *where they do business/have their headquarters*." Opp. at 10 (emphasis

in original). That is both false and irrelevant. I.V. sued in the Eastern and Western Districts of Texas, but Southwest's headquarters is in Dallas (D.I. 1-4 ¶ 6) and American's is in Fort Worth (D.I. 1-6 ¶ 6), both in the Northern District. 28 U.S.C. § 124(a). I.V. can honorably claim only to have "sued the airline defendants where they do business," which the venue statute requires. 28 U.S.C. § 1400(b). I.V. cites no law explaining why its choice of forum for the customer cases trumps this manufacturer case, and the whole point of the customer-suit exception is that it does not. *Katz*, 909 F.2d at 1464; Mot. at 7-14. I.V.'s contrary argument would entirely nullify the customer-suit exception for any patentee in any circumstance. That is not the law.

### B. I.V. Cannot Avoid the Customer-Suit Exception by Arguing That It Has Asserted Other Claims in Its Customer Cases

I.V. argues that the exception cannot apply because I.V. has asserted other claims that do not involve Viasat's systems. Opp. at 5, 11.[1] But as Viasat explained, if extra claims could defeat the exception, any patentee could always avoid it simply by adding claims. Mot. at 9-10. I.V.'s opposition does not address Viasat's arguments. Opp. at 5, 11; *see generally id.* Again, I.V. makes arguments that would nullify the customer-suit exception; again, those arguments fail.

---

[1] I.V. notes that some of its claims concern systems made by Anuvu, but omits that Anuvu has also sought declaratory judgment from this Court. Opp. at 11; *Anuvu Corp. v. Intellectual Ventures I LLC*, No. 25-124 (D. Delaware).

### C. I.V. Cannot Avoid the Customer-Suit Exception by Claiming Against All Evidence That Viasat Has No Relevant Documents

I.V. claims that "Viasat does not identify or represent that it possesses core technical documents and witnesses needed to assess the Accused Functionality." Opp. at 9. This is false. Viasat's complaint repeatedly stated that I.V.'s allegations were against "Viasat and its products." D.I. 1 ¶¶ 67, 72, 76. Viasat's opposition to I.V.'s motion to dismiss stated firmly that "Viasat provides, and is responsible for, the accused in-flight connectivity systems," and cited customer declarations saying the same thing. D.I. 17 at 4; *see* D.I. 18-5, 18-6. Quite plainly, Viasat has core technical documents about its own products. I.V. now claims Viasat was required to say *exactly* that to employ the customer-suit exception. Opp. at 9. I.V. cites no law supporting this concept, and none exists. If I.V. had any doubt regarding Viasat's documents, Southwest dispelled it on April 3, when its interrogatory responses confirmed that Viasat held "documents 'show[ing] the operation of the alleged Accused Functionality.'" Declaration of Matthew S. Warren, Ex. 1 at 5. The Court should not reward I.V.'s false implications regarding established facts.

### D. I.V. Cannot Avoid the Customer-Suit Exception by Claiming That Viasat is Not Indemnifying Its Customers, When I.V. Knows It Is

Three times, I.V. states that "Viasat has not asserted that it has any obligation to defend or indemnify either Southwest or American Airlines." Opp. at

– 4 –

3; *see id.* at 5, 15.  I.V. does not explain the import of these statements, and for good reason:  the customer-suit exception does not require indemnity.  In *Google*, Rockstar argued that "Google never asserts that it has agreed to indemnify Samsung for the accused infringement." *In re Google Inc.*, No. 14-147, D.I. 20-1 at 18 (Fed. Cir. Aug. 22, 2014).  Google did not challenge this statement.  *See id.*, D.I. 21-1 (Fed. Cir. Aug. 25, 2014).  The Court nevertheless granted mandamus and stayed Rockstar's customer cases pending Google's manufacturer case.  *In re Google Inc.*, 588 F. App'x 988 (Fed. Cir. 2014).  In any event, I.V. is wrong. Viasat **has** agreed to indemnify Southwest and American from claims against Viasat's products.  At least regarding Southwest, I.V. knows this:  on April 3, Southwest produced the agreement providing for indemnification.  Warren Decl. ¶ 7.

> **E.    I.V. Cannot Avoid the Customer-Suit Exception by Arguing That It Has No Office in Delaware, Its State of Incorporation**

I.V. briefly argues the customer-suit exception should not apply because "neither IV nor Viasat has offices or employees" in Delaware.  Opp. at 9-10.  The exception does not require a local office, and I.V. cites no law saying so.  Instead, I.V. claims that producing Viasat's documents here would be inefficient (Opp. at 9), despite previously claiming that Viasat's documents "could just as easily be produced in Texas as in Delaware." D.I. 14 at 18.  Regardless of I.V.'s flip-flop or

its decision not to maintain an office in Delaware, litigating in this Court would serve the purpose of the customer-suit exception, which "is to 'avoid conflicting decisions and promote judicial efficiency'" (*Google*, 588 F. App'x at 990 (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)) and to "avoid, if possible, imposing the burdens of trial on the customer." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)).

### F. I.V. Cannot Avoid the Customer-Suit Exception by Noting That Viasat Sources Portions of Its Systems From Other Companies

Viasat explained that modern supply-chain sourcing does not nullify the customer-suit exception. Mot. at 11 (citing *Google*, 588 F. App'x 988). I.V. ignores these arguments and repeats its assertion that Viasat "may not be" the manufacturer of the Viasat systems because it sources a part from Aruba Networks. Opp. at 5 n.4, 9. But I.V.'s argument actually shows the importance of the customer-suit exception: the airlines did not know the source of this part, but Viasat did, identified it as exhausting I.V.'s '326 claims, and asserted this argument in its complaint. D.I. 1 ¶¶ 69-73. I.V. now admits that Viasat was correct. Opp. at 3-4. I.V.'s argument thus confirms that Viasat is the "true defendant" with knowledge of its systems and the ability to defend them. *Nintendo*, 756 F.3d at 1365.

### III. Even Under the Traditional Factors, the Court Should Enjoin I.V. From Pursuing Its Customer Suits

#### A. Federal Circuit Law Controls, Not Third Circuit Law

In what seems to be a pattern, most of I.V.'s arguments cite the wrong law. "[I]njunctions arbitrating between co-pending patent declaratory judgment and infringement cases in different district courts are reviewed under the law of the Federal Circuit." *Lab'y Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1331 (Fed. Cir. 2004). Viasat cited this rule, Mot. at 7 n.2, but I.V.'s opposition repeatedly cites Third Circuit cases. *E.g.*, Opp. at 6 (citing *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700 (3d Cir. 2004)); Opp. at 7 (citing *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504 (3d Cir. 2005); *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519 (3d Cir. 1994); quoting *Metro. Life Ins. Co. v. Scott*, 587 F. Supp. 451 (W.D. Pa. 1984)); Opp. at 14-15 (citing *Golden Fortune Imp. & Exp. Corp. v. Mei-Xin Ltd.*, No. 22-1710, 2022 WL 3536494 (3d Cir. Aug. 5, 2022); quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3d Cir. 1989); *Manganaro v. InteropTec Corp.*, 874 F. Supp. 660 (E.D. Pa. 1995)); Opp. at 16 (quoting *GOLO, LLC v. Goli Nutrition Inc.*, No. 20-667, 2020 WL 5203601 (D. Del. Sept. 1, 2020)). These cases have no bearing here. *See Lab'y Corp.*, 384 F.3d at 1331.

### B. Viasat Has a Likelihood of Success

Viasat showed a likelihood of success on the customer-suit exception, which is sufficient here. Mot. at 15-16. I.V. claims Viasat provided no cases for this point, but Viasat cited *Finisar Corp. v. Cheetah Omni, LLC*, No. 11-15625, 2012 WL 12931575 (E.D. Mich. Nov. 19, 2012), noting that it "did not consider likelihood of success." Mot. at 16 n.5. But if the Court finds Viasat must show an ultimate likelihood of success, it has done that too: its complaint makes persuasive arguments of non-infringement (D.I. 1 ¶¶ 25-52, 56-64), against which I.V. has tendered nothing. And I.V. agrees that Viasat's exhaustion claim (D.I. 1 ¶¶ 69-73) will prevail. Opp. at 4; *see supra* § II.F. Viasat and I.V. thus agree that Viasat will prevail on one claim, and I.V. tenders no argument against the other two.

### C. Viasat Would Suffer Irreparable Harm Without an Injunction

Viasat's motion explained that I.V.'s "litigation campaign directly accuses Viasat's products of patent infringement, impacting Viasat's business and relationships with its customers." Mot. at 16 (quoting D.I. 1 ¶¶ 1, 9). I.V. cites in response inapplicable Third Circuit cases and one case from this Court addressing only future harm, not the current harm Viasat suffers. Opp. at 14-15 (citing *Advanced Micro Devices, Inc. v. S3 Graphics Co.*, No. 11-965, 2011 WL 5402667 (D. Del. Nov. 8, 2011)). Under Federal Circuit law, Viasat's "loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for

finding irreparable harm." *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012); *see* Mot. at 16.  Finally, I.V. claims that Viasat must indemnify to show irreparable harm (Opp. at 15)—which it has, as I.V. knows. *See supra* § II.D; *Finisar*, 2012 WL 12931575, at *4.[2]

### D. The Balance of Equities Favors an Injunction

I.V. argues against a straw man, claiming that Viasat's injunction would prevent it from bringing any claims at all on the '326 and '469 patents (Opp. at 16-18), when Viasat seeks only an order barring claims against Viasat's customers concerning Viasat's products.  D.I. 26.  I.V. asserts "substantial harm" through the loss of its "right to collect damages."  Opp. at 16-17.  But I.V. later admits that it can eventually "return to the Texas Cases to litigate its damages claims against the airlines" (Opp. at 19)—confirming that, even following an injunction by this Court, I.V. will receive every dollar it deserves, including any "real money" from the airlines, and thus an injunction "will not diminish the monetary damages" it can collect if it wins, preventing any harm from an injunction-caused stay.

---

[2] I.V. suggests in passing that "Viasat did not consider the instant Motion to be urgent" by filing it "two months after filing its Complaint and more than four months after IV filed its Texas Cases."  Opp. at 6.  I.V. cites no case supporting this point, nor could it:  in *Katz*, the manufacturer filed its motion over a year after the customer suits.  *Katz v. Lear Siegler, Inc.*, No. 87-495, D.I. 14, 103 (D. Mass. Aug. 5, 1988, Aug. 18, 1989).  Similarly, *Finisar* granted a motion for preliminary injunction filed seven months after the customer suits were filed and two months after the manufacturer complaint.  2012 WL 12931575, at *1, *6.  Viasat beat both.

– 9 –

*Advanced Micro Devices, Inc. v. Mediatek Inc.*, No. 19-70, 2019 WL 4082836, at *2 (D. Del. Aug. 29, 2019) (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)).  The balance of equities favors an injunction.

### E.   The Public Interest Favors an Injunction

The public interest favors an injunction.  *See* Mot. at 17-18.  I.V. rests its contrary claim on the argument that the customer-suit exception does not apply.  Opp. at 18.  But Viasat provides systems to every major U.S. airline, and resolving all claims regarding Viasat systems in one case—this one—would avoid "wasteful and duplicative litigation" against not just Southwest and American, but all of Viasat's customers, thus serving the public interest.  *Google*, 588 F. App'x at 990; *see, e.g., Finisar*, 2012 WL 12931575, at *6.

## IV.   The Court Should Not Require Viasat to Post a Bond

Courts do not require a bond when an injunction causes no harm, including when it merely stays pending litigation.  Viasat explained as much in its motion, citing copious case law.  Mot. at 18-20.  In opposition, I.V. cites no cases, claims vague and unspecified harms, and then admits that it can always "return to the Texas Cases to litigate its damages claims against the airlines," eviscerating its own argument for harm.  Opp. at 19; *see supra* § III.D.  I.V. confirms that no bond is necessary; the Court should order none.

## **CONCLUSION**

For the foregoing reasons and those in its motion, Viasat respectfully requests that the Court enter its requested preliminary injunction, D.I. 26-1.

|  |  |
|---|---|
| | */s/ Karen E. Keller* |
| | Karen E. Keller (No. 4489) |
| | Nathan R. Hoeschen (No. 6232) |
| | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| Matthew S. Warren | 1105 North Market Street, 12th Floor |
| Erika H. Warren | Wilmington, DE 19801 |
| Madeline A. Woodall | (302) 298-0700 |
| WARREN KASH WARREN LLP | jshaw@shawkeller.com |
| 2261 Market Street, No. 606 | kkeller@shawkeller.com |
| San Francisco, CA, 94114 | nhoeschen@shawkeller.com |
| (415) 895-2940 | *Attorneys for Plaintiff* |

Dated: April 21, 2025

## CERTIFICATE OF COMPLIANCE

I hereby confirm that this brief complies with the type and number limitations set forth in the November 10, 2022 Standing Order Regarding Briefing in All Cases. I certify that this document contains 2,498 words, which were counted using the word count feature in Microsoft Word, in 14-point Times font. The word count does not include the cover page, tables, or the counsel blocks.

                                                */s/ Karen E. Keller*
                                                Karen E. Keller (No. 4489)
                                                Nathan R. Hoeschen (No. 6232)
                                                SHAW KELLER LLP
                                                I.M. Pei Building
                                                1105 North Market Street, 12th Floor
                                                Wilmington, DE 19801
                                                (302) 298-0700
                                                jshaw@shawkeller.com
                                                kkeller@shawkeller.com
                                                nhoeschen@shawkeller.com
Dated: April 21, 2025                        *Attorneys for Plaintiff*