

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0709
nhoeschen@shawkeller.com

April 23, 2025

**BY CM/ECF & HAND DELIVERY**
The Honorable Colm F. Connolly
United States District Judge
844 N. King Street
Wilmington, DE 19801

    Re:   *Viasat, Inc. v. Intellectual Ventures I LLC et al*, C.A. No. 25-056-CFC

Dear Judge Connolly,

    I write on behalf of Plaintiff Viasat, Inc. ("Viasat") to request that the Court order defendants (collectively "I.V.") to comply with the Court's order of April 14.

    This is the second time I.V.'s refusal to hold a Rule 26(f) conference has forced Viasat to seek assistance from the Court.  On March 25, 2025, Viasat explained that I.V.'s refusal to hold a Rule 26(f) conference meant that "I.V. enjoys a *de facto* stay of discovery," and asked the Court to require a Rule 26(f) conference by ordering a Rule 16 conference.  D.I. 24.  I.V. opposed.  D.I. 25.  On April 14, the Court ordered a Rule 16 conference to occur on May 15, 2025.  D.I. 32.

    The Court's order, issued in response to I.V.'s first refusal to conduct a Rule 26(f) conference, requires the parties to confer no later than tomorrow, April 24.  "The parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held."  Fed. R. Civ. P. 26(f)(1).  Following this order, Viasat sought I.V.'s availability to confer, but I.V. responded that under "Delaware practice," the "time frames in Rule 26 do not apply."  Ex. 1.  We are not aware of any local practice that would allow I.V. to ignore the deadline imposed by Rule 26, nor could such an unwritten custom override the clear requirements of the Rules and this Court's order.  But I.V. refuses to provide any availability to confer, requiring Viasat to again seek assistance from the Court on this routine matter.

SHAW KELLER LLP
Page 2

      Viasat respectfully requests that the Court order I.V. to conduct the Rule 26(f) conference required by its April 14 Order, rather than continue to drag its feet in this manufacturer case while it presses its Texas actions against Viasat's customers. The purpose of the customer-suit exception is to avoid precisely this result. *See, e.g.*, D.I. 27, D.I. 35.

      Counsel is available if the Court has any questions or concerns.

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc:    Clerk of the Court (via CM/ECF & Hand Delivery)
        All Counsel of Record (via CM/ECF & Email)