

April 24, 2025

**VIA E-FILING**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

      Re: *Viasat, Inc. v. Intellectual Ventures I LLC, et al.*
         <u>C. A. 25-cv-56-CFC</u>

Dear Chief Judge Connolly,

      Plaintiff's April 23, 2024 letter (D.I. 38) reflects a larger issue in this case – the lack of civility demonstrated by Plaintiff's counsel and positions that are at odds with the Court's practice.  Our firm regularly deals with Plaintiff's Delaware Counsel without incident and, thus, we suspect the conduct is driven by outside counsel.  We have not involved the Court in prior disputes but it is necessary to make a record so this conduct stops, and the parties can reset so that the typical civility among counsel is practiced in this case.

      The practice in this Court is that, once the Court issues an order setting a scheduling conference, the plaintiff circulates a proposed scheduling order so that the parties may meet and confer about discovery and the schedule sufficiently in advance of the deadline to submit a proposed scheduling order 48 hours before the scheduling conference.  We asked Plaintiff to circulate a schedule so the parties could meet and confer but Plaintiff refuses to do so.  Instead, Plaintiff's counsel insists that the parties must meet and confer today (although waiting until two days ago to request a meet and confer) under Rule 26(f) without Plaintiff circulating a proposal to discuss during the meet and confer.  Plaintiff's reliance on Rule 26 is inconsistent with the practice in this District as the Court's Orders, rather than the Rule 26 default time frames, govern.  For instance, the parties do not submit a Rule 26(f) report 14 days before the scheduling conference as set forth in Rule 26(f)(2).  The purpose of meeting and conferring 21 days in advance of the scheduling conference under Rule 26(f) is so the parties will meet the deadline to submit the 26(f) report, which does not apply under the Court's Order.  (D.I. 32).  The proper

path forward is to follow the practice of virtually every case with Plaintiff circulating a draft scheduling order so the parties may meet and confer on discovery parameters and the schedule, which we informed Plaintiff we are happy to do.

This case started off on the wrong foot. Plaintiff refused Defendant's request for the customary 30-day extension to respond to the Complaint and would only agree to 14 days. *See* Exhibit 1. When Defendant requested an additional 3 days for holiday travel, Plaintiff would only agree to 2. *See* Exhibit 2.

Then, after the parties completed briefing on Defendants' motion to dismiss, stay, or transfer, Plaintiff informed Defendants that they intended to move for a preliminary injunction on the same issues raised in Defendant's motion. Plaintiff demanded a meet and confer within two days after sitting on its hands for 2.5 months. *See* Exhibit 3. On the meet and confer, Plaintiff refused to explore any compromise or provide us one day to consult with our client.[1] Plaintiff insisted it needed to immediately file the motion, but stated it would later discuss a briefing schedule. The meet and confer was not meaningful and notably Plaintiff did not file the required D. Del. LR 7.1.1 statement with the motion.

Despite Plaintiff's representation during the meet and confer that it would work with Defendant on a briefing schedule, Plaintiff refused Defendant's request for a week extension. Plaintiff would only agree to a one business day extension and then insisted on a detailed stipulation with conditions to memorialize the one business day extension. *See* Exs. 4 and 5.

As the above demonstrates, the common courtesy and civility among counsel is lost here. We respectfully request that the Court deny Plaintiff's request to hold a meet and confer today and order Plaintiff to circulate a proposed scheduling order so the parties may meaningfully meet and confer as required by the Court's Order Setting Rule 16(b) Conference for a Patent Case. (D.I. 32).

We apologize for taking the Court's time, but we believe Plaintiff's accusation of purposeful dilatory conduct by virtue of following local practice

---

[1] Defendant requested a copy of the brief before the meet and confer. Plaintiff responded that it would not be able to supply the brief in time but then remarkably filed the motion less than 45 minutes after the meet and confer.

combined with Plaintiff's uncooperative behavior merits this response.   Plaintiff's counsel's conduct is outside the norm and, if condoned, will erode the practice before this Court and increase the number of disputes.

                                                Respectfully submitted,

                                                /s/ Brian E. Farnan

                                                Brian E. Farnan

cc: Counsel of Record (Via E-Filing)