IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASAT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-056-CFC |
| | ) |
| INTELLECTUAL VENTURES I LLC | ) |
| and INTELLECTUAL VENTURES II | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

**VIASAT'S LETTER TO THE HONORABLE COLM F. CONNOLLY
<u>REGARDING DISCOVERY DISPUTE</u>**

OF COUNSEL:
Matthew S. Warren
Erika H. Warren
Madeline A. Woodall
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, CA, 94114
(415) 895-2940

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

Dated: July 8, 2025

Dear Judge Connolly:

Plaintiff Viasat, Inc. ("Viasat") respectfully submits this letter and requests that the Court resolve two disputes between Viasat and defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "I.V.").

## I. I.V. Must Comply With the Court's Scheduling Order Requiring Production of Licenses

I.V. did not comply with the Scheduling Order. The Order required that, "on or before **June 12, 2025**, a party claiming patent infringement shall serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions'" (D.I. 45 ¶ 3 (emphasis in original)) and that, along with its contentions, "the party claiming patent infringement shall produce to each opposing party . . . all agreements, including licenses, transferring an interest in any asserted patent." D.I. 45 ¶ 4(f).

On June 12, 2025, I.V. served the infringement contentions required by Paragraph Three. Ex. 1 (public version). But instead of producing all licenses covering the patents-in-suit as required by Paragraph Four, I.V. produced only one license on June 12, and one more on June 17, although I.V. admitted many more existed. During the parties' meet and confer and related correspondence, I.V. made a series of arguments to justify its failure to follow the Court's Order. All of its arguments misunderstand I.V.'s obligations under the Court's Order, and thus fail.

First, I.V. argues that, "[a]t most, ViaSat is raising a dispute related to the timing of the production of license materials." Ex. 2. But the Order, by its nature, addressed the timing of I.V.'s production: by unilaterally granting itself an extension of a court-ordered deadline, I.V. has *not* complied with the Order. *E.g.*, *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("all orders and judgments of courts must be complied with promptly" absent a stay or appeal). Setting this failure aside, the dispute is not actually about "timing" because I.V. flatly refuses to *ever* produce "all agreements, including licenses" to the asserted patents as required by the Order, and instead plans to produce a self-determined, limited selection of licenses.

I.V. has not attempted to show the good cause required for a modification to the Scheduling Order, and has neither asked for, nor received, the Court's consent as required by Rule 16(b)(4). Moreover, such a modification would prejudice Viasat. I.V.'s license agreements are relevant to standing, exhaustion and damages, hence their inclusion in the Court's Form Scheduling Order. Their early production allows the parties to assess the potential value of the case and to identify threshold legal issues early, avoiding undue expense. Here, the limited licenses Viasat has

The Honorable Colm F. Connolly
July 8, 2025
Page 2

received have already raised issues of exhaustion (*see* D.I. 1 at 10) and standing – but Viasat cannot fully evaluate these issues until I.V. completes the required production.[1] I.V. agreed to this provision of the Court's form order; it must produce these licenses like all other patentees appearing before Your Honor.

Lastly, I.V. argues that it "has not yet asserted patent claims and the deadline regarding the assertion of the claims is not applicable." Ex. 2. But the Court's scheduling order is not limited to parties that have filed counterclaims for patent infringement. The scheduling order set a deadline of June 12 by which a "party claiming patent infringement" must provide contentions (D.I. 45 ¶ 3) and accompanying production (*id.* ¶ 4). I.V. provided the contentions, but not the accompanying production. I.V. thus agreed that it was a "party claiming patent infringement" under Paragraph Three by providing contentions, but now claims it is *not* a "party claiming patent infringement" under Paragraph Four and thus need not produce the required accompanying documents. I.V. cannot have it both ways.

Thus, Viasat respectfully requests that the Court enter the concurrently filed proposed order compelling I.V. to comply with the scheduling order. Ex. 3.

## II.     The Court Should Order a Complete Prosecution and Acquisition Bar

The parties' lone dispute on the protective order relates to the prosecution and acquisition bar, ¶ 14. The Court should enter Viasat's proposal. *See* Exs. 4, 5.

### A.     The Court Should Order an Acquisition Bar

Viasat's proposal would prohibit viewing Protected Material and then engaging in "activity related to the acquisition of patents or patent applications relating to the subject matter of this action or any Protected Material produced in this action, or advising or counseling clients regarding the same." The rationale is simple: no one should access Viasat's "confidential technical and financial information" and then be able to use that information in "prosecuting or acquiring patents that read on [Viasat's] products." *Blackbird Tech LCC v. Serv. Lighting & Elec. Supplies,*

---

[1] I.V. has not even committed to a date for production of those agreements which it admits are relevant, citing unspecified notice provisions. I.V. knew of these provisions and did not raise them when the parties negotiated the scheduling order; having failed to do so, I.V. cannot now "make private determinations of the law and refuse to obey an order" from the Court. *Maness*, *supra*, 419 U.S. at 458.

The Honorable Colm F. Connolly
July 8, 2025
Page 3

*Inc.*, C.A. No. 15-53-RGA, 2016 WL 2904592, at *4 (D. Del. May 18, 2016). Even with "good faith" of counsel, "once such confidential information is disclosed, the bell cannot be unrung." *Id.* (citing *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). I.V. will suffer no prejudice; "the acquisition of additional patents is an exercise where the plaintiff can rely upon counsel other than any who have seen highly-protected materials*." Inventor Holdings, LLC v. Google, Inc.*, C.A. No. 14-186-GMS, 2014 WL 4369504, at *1-2 (D. Del. Aug. 27, 2014).

In *I.V. v. Altera Corp.*, this Court approved a similar acquisition bar against I.V. for similar reasons. C.A. No. 10-1065-LPS (D. Del.). There, a provision barring the "use of information for any purpose other than the litigation" was "not adequate protection" in light of the "essential impossibility of human beings to completely segregate their minds and not make any inadvertent use whatsoever of any information once they are exposed to it." *Id.*, D.I. 145 at 28:22 to 30:4 (D. Del. Aug. 1, 2012) (Ex. 6). The Court should enter Viasat's acquisition bar language.

### B. The Court Should Order a Complete Prosecution Bar

The parties agree that a prosecution bar is appropriate, but disagree on its scope. I.V. would allow personnel to review Protected Material and then participate in "*inter partes* review, post grant review, covered business method review and *ex parte* reexamination proceedings . . . so long as the individual does not participate in the amending of claims." Viasat would allow personnel to review Protected Material and then participate only in proceedings challenging a patent.

I.V.'s proposal does not address "the risk of inadvertent disclosure of defendants' proprietary information if litigation counsel consults with prosecution counsel in connection with the latter's efforts on plaintiff's behalf at the PTO." *Inventor Holdings, LLC v. Wal-Mart Stores Inc.*, C.A. No. 13-96-GMS, 2014 WL 4370320, at *2 (D. Del. Aug. 27, 2014); *see also Deutsche Bank*, 605 F.3d at 1378. Again, even with the "good faith" of counsel, "the bell cannot be unrung." *Blackbird*, 2016 WL 2904592, at *4. The Court should enter Viasat's proposed language.

The Honorable Colm F. Connolly
July 8, 2025
Page 4

                                                Respectfully submitted,

                                                */s/ Nathan R. Hoeschen*

                                                Nathan R. Hoeschen (No. 6232)

Enclosures
cc:    Clerk of the Court (via CM/ECF & Hand Delivery)
        All Counsel of Record (via CM/ECF & Email)