# EXHIBIT 2

| | |
|---|---|
| **From:** | Nate Hoeschen |
| **To:** | Brian Farnan; Michael J. Farnan |
| **Cc:** | Karen Keller |
| **Subject:** | RE: Viasat, Inc. v. Intellectual Ventures I LLC, No. 25-56 (D. Delaware) |
| **Date:** | Monday, June 23, 2025 7:33:00 PM |

Brian,

The scheduling order required IV to produce "All agreements, including licenses, transferring an interest in any asserted patent" weeks ago. If IV wished to change that obligation, it should have met and conferred with us and moved the Court. Instead, IV simply ignored its obligations under the Court order. That is not an issue of timing but of compliance the Court's order. Separately, in the call last week, IV made clear that it did not intend to produce all such agreements at *any* point. This is again not merely an issue of timing, but of a refusal to provide required disclosures. Your email below does not suggest that IV has retreated from these unreasonable positions. IV has never explained how an email stating that Viasat *would* serve invalidity contentions at the deadline set forth in the scheduling order, suggests that you did not need to abide by your obligations. I will email the Court shortly.

Best,
Nate

**From:** Brian Farnan <bfarnan@farnanlaw.com>
**Sent:** Monday, June 23, 2025 4:01 PM
**To:** Nate Hoeschen <nhoeschen@shawkeller.com>; Michael J. Farnan <mfarnan@farnanlaw.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>
**Subject:** RE: Viasat, Inc. v. Intellectual Ventures I LLC, No. 25-56 (D. Delaware)

Nate,

We do not agree that there is a ripe discovery dispute for the Court to address. At most, ViaSat is raising a dispute related to the timing of the production of license materials. However, we addressed this during the meet and confer as follows:

- We explained that IV has not yet asserted patent claims and the deadline regarding the assertion of the claims is not applicable. We identified an email that we sent to ViaSat regarding invalidity contentions.
- Notwithstanding this, we agreed to produce licenses within a reasonable scope and produce the licenses once the agreements' notice provisions are complied with.
- We agreed to produce documents related to IV's standing to assert the DJ patents.
- We agreed to provide case law regarding negotiation materials.
- We agreed to update our responses to RFPs 12-14.

With regards to the discovery dispute, we asked ViaSat to identify any prejudice that we could address related to the production of these materials and ViaSat did not identify any. In view of the above, there does not appear to be ripe dispute for the Court to address and your email does not identify any actual dispute. Please explain what discovery dispute ViaSat seeks to raise with the Court or please confirm that you will withdraw it.

Regards,
Brian

**From:** Brian Farnan
**Sent:** Monday, June 23, 2025 3:55 PM
**To:** 'Nate Hoeschen' <nhoeschen@shawkeller.com>; Michael J. Farnan <mfarnan@farnanlaw.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>
**Subject:** RE: Viasat, Inc. v. Intellectual Ventures I LLC, No. 25-56 (D. Delaware)

Hi Nate – we need a bit more time. I was in trial. Thanks

**From:** Nate Hoeschen <nhoeschen@shawkeller.com>
**Sent:** Monday, June 23, 2025 2:13 PM
**To:** Brian Farnan <bfarnan@farnanlaw.com>; Michael J. Farnan <mfarnan@farnanlaw.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>
**Subject:** FW: Viasat, Inc. v. Intellectual Ventures I LLC, No. 25-56 (D. Delaware)

Brian and Michael,

I hope you had a nice weekend. Per the below and attached I plan to send the email below to chambers today requesting a conference on the license production issue (the second bullet point in the attached).

Good Morning Mr. Shyer,

I hope you're doing well. Pursuant to paragraph 12 of the Scheduling Order in the above-captioned action (D.I. 45), I am writing to inform the Court that the parties have a discovery dispute and to request a conference to resolve the dispute. Viasat would like to request that this dispute be heard at the hearing currently set for July 11, 2025 and any argument be included in the same letter briefing as the protective order dispute discussed below.

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

Please let me know by 4:00 if you would like me to include your position on the briefing/hearing

**From:** Kai Schelly <kai@warrenkashwarren.com>

**Sent:** Friday, June 20, 2025 3:52 PM
**To:** Jonathan K. Waldrop <jwaldrop@kasowitz.com>; Kasowitz Benson Intellectual Ventures Team <intellectualventures@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Michael J. Farnan <mfarnan@farnanlaw.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>; SKViasat <SKViasat@shawkeller.com>; Viasat, Inc. v. Intellectual Ventures I LLC <25-56@cases.warrenlex.com>
**Subject:** Viasat, Inc. v. Intellectual Ventures I LLC, No. 25-56 (D. Delaware)

Counsel:

Attached please find a letter from Matthew S. Warren.  Please let me know if you do not receive this attachment in good order.

Best,
Kai Schelly

--

Kai Schelly     kai@warrenkashwarren.com     +1 (415) 895-2971