# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

VIASAT, INC.,                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        C.A. No. 25-056-CFC
                                       )
INTELLECTUAL VENTURES I LLC            )
and INTELLECTUAL VENTURES II           )
LLC,                                   )
                                       )
        Defendants.                    )

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff Viasat, Inc. and Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes

– 1 –

or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material" or "Designated Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition transcripts, the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating whether the file

– 2 –

contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material. If

such electronic files or documents are printed (for example, for use at a deposition,

in a court proceeding, or for provision in printed form to an approved expert or

consultant), the Party printing the electronic files or documents shall place on the

printed document the appropriate designation, as well as the production numbers

associated with the electronic files or documents.

2.      Any document produced before issuance of this Order with the

designation "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY" shall receive the same treatment as if designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and

until such document is re-designated to have a different classification under this

Order. Information and items designated in other matters as "CONFIDENTIAL –

OUTSIDE ATTORNEYS EYES ONLY" which are produced in this matter shall

be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

pursuant to this Order without further designation.

3.      With respect to documents, information or material designated

"CONFIDENTIAL, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED

MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this

Order governs, without limitation: (a) all documents, electronically stored

information, and/or things as defined by the Federal Rules of Civil Procedure; (b)

all deposition testimony, or documents marked as exhibits or for identification in

depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other

court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions,

extracts, digests and complete or partial summaries prepared from any

DESIGNATED MATERIAL shall also be considered DESIGNATED

MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

CONFIDENTIAL – SOURCE CODE") may be made at any time.  Inadvertent or

unintentional production of documents, information or material that has not been

designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole

or in part of a claim for confidential treatment.  Any party that inadvertently or

unintentionally produces Protected Material without designating it as

DESIGNATED MATERIAL may request destruction of that Protected Material by

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order
to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY
CONFIDENTIAL – SOURCE CODE," both individually and collectively.

notifying the recipient(s), as soon as reasonably possible after the producing Party

becomes aware of the inadvertent or unintentional disclosure, and providing

replacement Protected Material that is properly designated.  The recipient(s) shall

then destroy all copies of the inadvertently or unintentionally produced Protected

Materials and any documents, information or material derived from or based

thereon.

   5.    "CONFIDENTIAL" documents, information and material may be

disclosed only to the following persons, except upon receipt of the prior written

consent of the designating Party or upon order of the Court:

    (a)    outside counsel of record in the above captioned action ("Action") for the Parties;

    (b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    (c)    Two in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

    (d)    up to and including two designated representatives of each of the Parties, to the extent reasonably necessary for the litigation of this Action, provided that any such person has agreed to be bound by the terms of this Order by signing the agreement attached hereto as Appendix A, which shall be provided to the producing Party before disclosure of Protected Material to the designated representative. Prior to disclosing any Protected Material to any designated representative, the Party seeking to disclose such information shall provide to the producing Party written notice of the designated representative's full name, current address, current employer, and current job title.  Either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the

requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

(e)     mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(f)     outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a notice that shall include: (a) the individual's name, business title, and current employer(s); (b) business address; (c) the individual's CV; (d) a list of other cases in which the individual has testified (at trial or deposition) within the last five years; (e) a list of all companies with which the individual has consulted or by which the individual has been employed, including in connection with a litigation, within the last four years. The Undertaking and notice shall be served at least five business days before access to the Protected Material is to be given to that expert or consultant. Within five business days of being served with the notice of the intended disclosure, the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. A producing Party's objection to the disclosure of Protected Material to an outside consultant or expert must state with particularity the ground(s) of the objections. If no Party raises such an objection within five business days of receiving notice of the intended disclosure, the outside consultant or expert shall be deemed qualified to receive the Protected Material described in the notice of intended disclosure. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within five business days of the objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. A failure to file a

– 6 –

motion within five business days after raising the objection, absent an agreement of the Parties to the contrary or for an extension of such five business day period, shall operate to allow disclosure of the Protected Material to the outside consultant or expert objected to;

(g)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(h)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, interpreters or translators, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(i)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof

– 7 –

pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent such Protected Material contains a Party's source code, including non-public computer source code, and/or live data (e.g., database files or data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE." "Source Code Material" shall mean documents containing confidential, proprietary and/or trade secret source code, including computer source code, source code listing and descriptions of source code, object code (i.e. computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), object code listings and descriptions of object code, microcode, register transfer language ("RTL"), firmware, and hardware language ("HDL"), as well as any and all

programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

9.    A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

10.    For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-i).

11.     For Protected Material designated "HIGHLY CONFIDENTIAL –

SOURCE CODE," access to, and disclosure of such Protected Material shall be

limited to only the individuals listed below ("Authorized Reviewers"):

(a)     Outside counsel of record for the Parties to this action, including any attorneys, paralegals, technology specialists, and clerical employees of their respective law firms;

(b)     Experts or consultants[2] pre-approved in accordance pursuant to paragraph 5(f) above and specifically designated to review Source Code Material, totalling no more than five per Party;

(c)     The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code Material; copies of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to the deposition transcript; rather, the deposition record will identify the exhibit by its production numbers;

(d)     While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the producing Party or original source of the information; (ii) any person designated by the producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code Material pursuant to this sub-paragraph shall not

---

[2]  For the purpose of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within their firm to help in their analysis shall count as a disclosure to a single consultant or expert.

retain or be given copies of the Source Code Material except while so testifying.

12.     Access to and review of the Source Code Material shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person shall review or analyze any Source Code Material for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code Material in this case in any other pending or future dispute, proceeding, or litigation.

13.     The inspection of Source Code Material shall be governed by the following provisions:

(a)     A Party's outside counsel, pre-approved consultants, and pre-approved experts shall be provided access to a Party's Source Code Material shall be provided using a secure review computer (where the Source Code production applicable is accessible from the review computers) that is a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Use or possession of any input/output device or other electronic device (e.g., USB memory stick, cameras, or any camera-enabled device, laptop, cellular telephones, etc.) is prohibited while in the room containing the stand-alone computer. The stand-alone computer shall be of suitably modern grade, with a viewing screen measuring at least twenty-two (22) inches diagonally, and with a full-sized external mouse and keyboard. The review computers may only be located at the offices of the producing Party's outside counsel or as otherwise agreed. Should the need arise due to a public health emergency, state, local or national social distancing restrictions or travel restrictions, which hinder the source code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the source code machines available in a location that would allow source code review to occur.

– 11 –

Reviewers shall be entitled to take notes relating to the Source Code Material but may not copy, remove, or otherwise transfer any Source Code Material from the stand-alone computer to any recordable media or recordable device. Reviewers shall not copy Source Code Material into any such notes, but can make reference to words, phrases, directories, filenames, line numbers, and the like that appear in or are corollary to the Source Code Material.

The stand-alone computer(s) shall be provisioned with software sufficient to review and search the source code on the stand-alone computer(s), provided, however, that no tools shall be used by the reviewing Party to assemble, compile or convert source code to object code. Upon the receiving Party's request, other commercially available software tools for viewing and searching source code shall be installed on the computer(s), provided that (a) the receiving Party possesses an appropriate license to such software tools; and (b) the producing Party approves such software tools (which approval shall not be unreasonably withheld). Such request for software shall be provided at least five (5) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the computer.

Additionally, except as provided in paragraph 13(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel (unless an alternative is mutually agreed upon by the receiving and producing Parties);

(b)    If the stand-alone computer(s) are located at the offices of the producing Party's outside counsel, the receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. The producing Party shall install Notepad++ on a Windows platform. If the receiving Party requires additional program(s) or review tool(s), the receiving Party shall provide (at receiving Party's cost) a licensed copy of the additional program(s) or review tool(s) to the producing Party five (5) business days in advance of the inspection and the producing Party shall install them on the stand-alone review computer upon a reasonable request from the receiving Party, to the extent feasible and not overly burdensome. Specific tools may include but are not limited to the following: SciTools Understand, SlickEdit, Eclipse, UltraEdit, Android Studio, Microsoft Visual Studio, Notepad++, Beyond Compare, Mozilla FireFox, and Adobe Acrobat Pro. The producing party shall not install any keystroke or other monitoring software, except any anti-virus security software, on any review computer;

(e)    Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to outside counsel and pre-approved consultants or pre-approved experts[3] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party), retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(f) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert. However, for clarity, every person other than outside counsel accessing Source Code Material is required to be disclosed to the Producing Party and to sign the Undertaking pursuant to paragraph 5(f).

the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)    To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE;

(g)    The receiving Party may request that certain pages of Source Code Material be printed to hard copy. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except that (1) the receiving Party may create PDF files solely on the secure review computer of the portions of Source Code Material that they request to be printed and (2) the receiving Party may make up to ten (10) copies of any printed Source Code Material received from the producing Party for use by its outside counsel, consultants, and experts. The receiving Party shall ensure that any copies to be printed on watermarked or colored pre-bates numbered paper, and marked "HIGHLY CONFIDENTIAL – SOURCE CODE" designation (i.e., they are not cut off or unreadable). The Parties shall consult in good faith should there be a need for additional copies of a reasonable number of pages of Source Code Material, and the other Party shall not unreasonably withhold such consent. The receiving Party shall maintain a Confidential Source Code Access Log identifying each hard copy Source Code Material that it has in its possession, its location, and, for first time any individual accesses the hard copy of the Source Code Material: (i) the name of each person who viewed the Source Code Material; and (ii) the date and time of access. The Confidential Source Code Access Log shall also identify whether any, and if so what, portion of the Confidential Source Code was copied and how many copies were made. The producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the receiving party. Within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in the Investigation, the receiving party must serve upon the producing Party the Confidential Source Code Access Log. The Confidential Source Code Access Log shall identify by name the lawyer or expert bound by the provisions of this Protective Order assigned to each copy of the Confidential Source

– 14 –

Code. All persons to whom the paper copies of the Source Code Material were provided must certify in writing that all copies of the Source Code Material were returned to Counsel of Record for the producing party or destroyed.

No more than 1,500 pages of the total Source Code produced by a producing Party, may be requested for printing. If necessary, the receiving Party may request to print additional pages in excess of the amount of a producing Party's total Source Code above, which request the producing Party will not unreasonably deny. In any event, no more than 25 pages of continuous Source Code will be printed without the authorization of the producing Party.

Within 5 business days or such additional time as necessary due to volume requested, the producing Party will provide a copy of the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below. The printed pages shall constitute part of the Source Code Material produced by the producing Party in this action. At the inspecting Parties' request, up to two additional sets (or subsets) of printed Source Code Material may be requested and provided by the producing Party in a timely fashion;

(h)     No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(i)     Should a receiving Party have a need for an additional copy of Source Code Material, such as for a deposition, it shall make a written request for consent to the producing Party, who shall not unreasonably withhold consent;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the

– 15 –

dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(k)     The receiving Party's outside counsel may only disclose a copy of the Source Code Material to individuals specified in paragraphs 5(a), (b), (f), (h), and (i) above (not including jury or trial consultants, mock jurors, photocopy, document imaging or database service providers). In no case shall information designated as HIGHLY CONFIDENTIAL – SOURCE CODE by a Defendant or an intervenor be provided to any other Defendant or intervenor or Defendant's or intervenor's counsel by any Party or counsel absent explicit agreement from the Party designating the information;

A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except for in the limited purpose of a remote deposition, the source code computer may be made available during the deposition or a hard copy of the Source Code Material may be displayed on or otherwise projected onto a screen (but the actual Source Code Material shall not be videotaped), subject to the other restrictions on access provided in this Order. At least five (5) business days prior to a deposition of a witness who would otherwise be permitted access to the Source Code Material, the receiving Party shall notify the producing Party that it requests to use the source code computer or a hard copy of the Source Code Material and shall identify to the producing Party the portions of the Source Code Material that may be used at the deposition, and the producing Party shall at its option either make a Source Code computer available for use at the deposition, or provide a paper copy of the identified Source Code Material for use at the deposition.

14.     Any individual who receives access to Protected Material produced by plaintiff or by any non-party to this action shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action or any

– 16 –

Protected Material produced in this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to them, before any foreign or domestic agency, including without limitation the United States Patent and Trademark Office. "Prosecution" includes any activity related to the preparation or prosecution of patent applications, including without limitation reexamination and reissue applications or directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims, and includes without limitation original prosecution, reissue, *inter partes* review, post grant review, covered business method review and *ex parte* reexamination proceedings. "Prosecution" does not include representing a party challenging a patent before a domestic or foreign agency, including without limitation a reissue protest, *ex parte* reexamination, *inter partes* review, post-grant review or covered business method review. Any individual who receives access to Protected Material produced by plaintiff or by any non-party to this action shall not be involved in activity related to the acquisition of patents or patent applications relating to the subject matter of this action or any Protected Material produced in this action, or advising or counseling clients regarding the same. The prohibitions in this paragraph shall apply for three years following the final termination of this action.

15.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.

16.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

17.    If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify the designating Party in writing of the unauthorized disclosures, and provide all known, relevant information concerning the nature and circumstances of the disclosure; and (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use occurs.

18.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who

is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen or has access to such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and has been approved to receive DESIGNATED MATERIAL pursuant to section 5(e); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

19.    Parties may at a deposition designate the deposition transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

– 19 –

CODE" pursuant to this Order. Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order.

20.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal in accordance with the Court's procedures.

21.    The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. Further, nothing in this Order shall be deemed to prevent the Parties from requesting that the Court seal the courtroom or enact other measures to prevent the unauthorized disclosure of Protected Material during hearings or trial.

22.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local

Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

23.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

24.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties"), and in the event that such Third Parties contend that the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties produce documents under the same protections as producing Parties under this Order. Information originating with a Third Party and in a producing Party's custody or control that a producing Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated by a producing Party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," and such

– 21 –

DESIGNATED MATERIAL shall be subject to the restrictions specified in this Order.

25.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties.

26.    Within thirty days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL in the possession of a receiving Party, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall be destroyed, with the exception of any source code which shall be returned to the producing Party. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding this provision, outside counsel for the Parties may retain one set of documents filed with the Court, written discovery, transcripts, work product and correspondence (but not document productions) for archival purposes..

27.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

28.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

29.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

30.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.     The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning DESIGNATED MATERIAL produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware.

32.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

33.     Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIASAT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-056-CFC |
| | ) | |
| INTELLECTUAL VENTURES I LLC | ) | |
| and INTELLECTUAL VENTURES II | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR**
**CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have

carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will

hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action any information designated as

– 1 –

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return or destroy all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____