# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASAT, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>*Defendants.* | C.A. No. 25-cv-56-CFC<br><br>**FILED UNDER SEAL**<br><br>**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY** |

## DEFENDANTS' LETTER TO THE HONORABLE COLM F. CONNOLLY REGARDING DISCOVERY DISPUTE

Dated: July 9, 2025

Of Counsel:

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John Downing
Heather S. Kim
ThucMinh Nguyen
KASOWITZ LLP
101 California Street
Suite 3950
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408
JWaldrop@kasowitz.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for Defendants
*Intellectual Ventures I LLC and Intellectual Ventures II LLC*

DJones@kasowitz.com
MBarber@kasowitz.com
JDowning@kasowitz.com
HKim@kasowitz.com
TNguyen@kasowitz.com

Paul G. Williams
KASOWITZ LLP
1230 Peachtree Street, N.E., Suite 2445
Atlanta, Georgia 30309
Tel: (404) 260-6080
Fax: (404) 260-6081
PWilliams@kasowitz.com

Dear Chief Judge Connolly,

Defendants respectfully submit this response to Plaintiff's July 8, 2025 letter.

## I. THE COURT SHOULD DENY VIASAT'S DISCOVERY DISPUTE RELATED TO PATENT LICENSES

Viasat is the only party that has asserted any claims and IV has not answered. To avoid disputes related to the Scheduling Order, counsel for IV reached out to counsel for Viasat on May 13, 2025. Ex. A. At the time, counsel for Viasat indicated that deadlines related to affirmative claims of infringement and validity would not become relevant until after IV asserted affirmative infringement claims and Viasat responds stating the following:

> I am not sure why this matters either generally or specifically now, but to avoid any miscommunication, I will repeat our view of the most likely course of events: following denial of the motion to dismiss, I.V. would assert infringement claims under at least Fed. R. Civ. P. 13(a). Once that occurs, Viasat would defend against those claims by all means available, including invalidity. Thus, our schedule aligns with the Court's form order, which includes invalidity contentions.

Ex. B. Thus, although Viasat argues now that IV is not in compliance with the Scheduling Order, Viasat left a different impression during the negotiation of the Scheduling Order when IV requested clarification.

Likewise, to resolve any disputes, IV has attempted to provide Viasat with early discovery in good faith. On June 20, 2025, IV met and conferred with Viasat regarding the instant dispute, explaining that IV has not asserted patent claims yet and that the deadline regarding the assertion of claims was not applicable. IV, however, confirmed that it would produce licenses within a reasonable scope once the license notice provisions to third parties were complied with to avoid any dispute. IV also confirmed it would provide discovery related to IV's standing, which IV produced on July 7. Ex. C. Further, IV agreed to update its responses to RFPs 12 and 13, which includes a summary of the license scope that IV proposes to produce. Thus, IV has provided Viasat with the information that Viasat has requested.

With regards to patent exhaustion, IV already confirmed via a letter, dated April 9, 2025, ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Thus, the issues of standing, exhaustion, and damages are simply not applicable.

## II. THE COURT SHOULD NOT ORDER AN ACQUISITION BAR

Requests for acquisition bars are consistently and resoundingly rejected by this Court. *See, e.g.*, *IP Learn LLC v. Beeline Acquisition Corp.*, C.A. No. 11-825-RGA (Oct. 23, 2012, Tr. at 9) (attached as Ex. E); *Personalized Media Communications, LLC v. Amazon.com, Inc.*, C.A. No. 13-1608-RGA (Mar. 21, 2014, Tr. at 54) (attached as Ex. F); *Graphics Properties Holdings, Inc. v. Asus*, C.A. No. 12-210-LPS (July 1, 2014, Tr. at 38) (attached as Ex. G); *DoDots Licensing Solutions LLC v. Lenovo Holding Co., Inc. et al*, C.A. No. 18-98-MN (Aug. 6, 2019,Tr. at 12-13) (attached as Ex. H**).** Indeed, a request for an acquisition bar was denied in three prior cases in which Intellectual Ventures was a party. *See Intellectual Ventures I LLC v. Canon Inc.*, C.A. No. 11-792-SLR (Dec. 18, 2012, Tr. at 4-8) (attached as Ex. I) ("I…don't understand [an acquisition bar] and don't understand why anyone thinks it's appropriate…. I don't address it. I just cross it out…."); *Intellectual Ventures I LLC, et al. v. AT&T Mobility LLC, et al.*, C.A. No. 12-193-LPS (June 5, 2014, Tr. at 46-49) (attached as Ex. J); *Intellectual Ventures I LLC, et al. v. Toshiba Corp., et al.*, C.A. No. 13-453-SLR-SRF (May 12, 2015, Tr. at 57-58) (attached as Ex. K).

Viasat cites *Blackbird Tech LCC v. Serv. Lighting & Elec. Supplies*, *Inc*, 2016 WL 2904592 (D. Del. May 18, 2016). Blackbird is completely inapposite as it dealt with "a unique set of circumstances" where Blackbird's litigation lawyers were also its owners and officers. *Id*. at *2. Even in those circumstances, the Court rejected the acquisition bar in favor of a covenant not to sue the defendant on patents acquired either during or a year after the litigation. *Id*. at *6. Further, Viasat only cites two decisions in which the court imposed an acquisition bar: *Intellectual Ventures I, LLC v. Altera Corp* ("Altera") and *Inventor Holdings, LLC v. Google, Inc*. *Inventor Holdings* is a decision from a Special Master that relied entirely on Judge Stark's decision in *Altera*. However, after the *Altera* decision, Judge Stark rejected acquisition bars, noting in one decision that in the *Altera* case: "it really wasn't the focus of what was in dispute, in my mind at least in that case. And I've had occasion in this case to think it through much more carefully, and I think I have reached the right decision in this case," *see* Ex. J at 49, and calling the rejection of acquisition bars "the general practice in this district and other courts." *See* Ex. G at 5-6; 38.

The potential for risk that serves as the basis for prosecution bars does not exist in the acquisition context: "It seems to me that the harm is to some extent and the risks that are involved in the acquisition of the patents is not of the same magnitude as to when you're doing prosecution. There's the ability to do some shaping of claims." *See* Ex. A at 9. On the other hand, issued patents "are out there and that is what tips the balance here." *Id.* Finally, any concern about the

inappropriate use of Defendant's Protected Material is already addressed in Paragraph 7, which mandates Protected Material "shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose." *Id.*

### III. THE COURT SHOULD NOT ORDER A COMPLETE PROSECUTION BAR

IV proposes that the Prosecution Bar allow "[a]ny individual who receives access to Protected Material" to be involved in "inter partes review, post grant review, covered business method review and ex parte reexamination proceedings ***so long the individual does not participate in the amending of claims***." This limited prosecution bar would "apply for three years following the final termination of this action." IV's proposed limitation to the prosecution bar effectively minimizes "the risk of inadvertent disclosure of [Plaintiff's] proprietary information," raised by Viasat. Courts have noted that post-grant proceedings do not present the same risk of competitive misuse as does involvement in patent prosecution, because post-grant proceedings all involve assessing the patentability of existing claims and only narrowing (not enlarging) claim amendments are permitted in such proceedings. *See Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs.*, Inc., Civil Action No. 15-691, 2016 U.S. Dist. LEXIS 14006, 2016 WL 447794, at *2 (D. Del. Feb. 4, 2016) ("the magnitude of th[e] risk [of prejudicial disclosure] is far less pronounced with respect to an IPR proceeding as compared to the prosecution of a new patent before the PTO"). Accordingly, IV's proposal reduces the risk that confidential information obtained in litigation will be competitively used to draft claims that read on the Viasat's products. The rationale underlying the cases that permit litigation counsel to participate in post-grant review but not to participate in drafting or amending claims (or consulting with those who do) is that the act of drafting and amending claims presents the greatest risk of misuse of the litigation opponent's confidential information, while the burden on the patentee of that less restrictive bar is significantly reduced, as compared to a wholesale bar against participation in the post-review grant proceedings in any way." *See British Telecommunications PLC v. IAC/InterActiveCorp*, 330 F.R.D. 387, 396–97 (D. Del., 2019). The Court should therefore enter IV's proposed language. Viasat's proposal is a strategic maneuver to permit its counsel to participate in IPRs but barring IV's counsel from doing so and thereby gaining a tactical advantage and increasing IV's costs.

          Respectfully submitted.

          */s/ Brian E. Farnan*

          Brian E. Farnan

cc: Counsel of Record (via E-mail)

4