# Exhibit B

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

## REMARKS

Claims 1-46 are currently pending in this Application. Claims 1, 2, 4, 5, 11, 12, 13, 35, 36, 41 and 45 are currently amended. Claims 3, 10, 14-22, 24, 25, 42-44, and 46 are now canceled. Claims 47-49 are newly added. Reconsideration of the Application is respectfully requested.

### I. Rejections under 35 U.S.C. § 102(e) – Agarwal

Independent claims 1 and 35 stand rejected under 35 U.S.C. § 102(e) as allegedly being anticipated by U.S. Patent App. No. 6,894,990 to Agarwal et al. ("Agarwal"). Independent claims 1 and 35 are currently amended and are now distinguished from Agarwal. Therefore, these claims and all claims depending from them are now in condition for allowance.

Claim 1, as amended, teaches a method for establishing and operating an Internet Hotspot including the steps of: providing a satellite dish communicating with the Internet via data link with a satellite, providing at least one router operatively coupled to the satellite dish, providing a subscriber access unit operatively coupled between the satellite dish and the router, installing the satellite dish, router and subscriber access unit in a rural location, the rural location experiencing a relatively high volume of transient traffic, connecting a web-ready device to the router; creating by a user a subscription account, the subscription account being created on a remote server and enabling the user to access the Internet; navigating a browser operating on the web-ready device to a subscriber access website, the subscriber access website being capable of verifying that the subscription account is valid; verifying that the subscription account is valid via the subscriber access website to allow access to the Internet; and allowing a user to access the Internet at the rural location. By adding these additional steps, claim 1 is now distinguished from Agarwal because Agarwal fails to teach providing a subscriber access unit coupled between the satellite dish and router, creating a subscription account for Internet access,

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

navigating a browser application to a subscriber access website, and verifying on a subscriber access website that the subscription account is valid.

Claim 35, as amended, teaches an Internet Hotspot comprising a satellite dish communicating with the Internet via one or more data links with a satellite, at least one router operatively coupled to the satellite dish, a subscriber access unit operatively coupled between the satellite dish and the at least one router, the subscriber access unit being capable of authenticating a subscription account associated with a user prior to allowing the user access to the Internet; and a web-ready device operatively coupled to the at least one router, the web-ready device having a browser application operating thereon for accessing the Internet. The satellite dish, the at least one router and the subscriber access unit are located in a remote location experiencing a relatively high volume of transient traffic. The user may authenticate the subscription account and access the Internet at the remote location by establishing a data connection between the web-ready device and the router. By adding these additional steps, claim 35 is now distinguished from Agarwal because Agarwal fails to teach a subscriber access unit operatively coupled between the satellite dish and the at least one router, the subscriber access unit being capable of authenticating a subscription account associated with a user prior to allowing the user access to the Internet. Agarwal also fails to teach a web-ready device operatively coupled to the at least one router, the web-ready device having a browser application operating thereon for accessing the Internet after being authenticated.

For at least the foregoing reasons, independent claims 1 and 35 are now distinguished from Agarwal. Therefore, it is respectfully submitted that the current rejections be withdrawn.

## II. Rejections under 35 U.S.C. § 103(a) – Agarwal

Claims 2-34 and 36-46 stand rejected under 35 U.S.C. § 103(a) as allegedly being obvious over Agarwal. Claims 3, 10, 14-22, 24, 25, 42-44, and 46 are now canceled and therefore the current rejections are moot as to those claims. Claims 2 (as amended), 4 (as

{W1075333.1}                                    10

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

amended), 5 (as amended), 6, 7, 8, 9, 11 (as amended), 12 (as amended), 13 (as amended) and 23 depend from independent claim 1 and are in allowance for at least the same reasons as discussed above. Claims 36 (as amended), 37, 38, 39, 40, 41 (as amended) and 45 (as amended) depend from independent claim 35 and are in allowance for at least the same reasons as discussed above.

The Examiner based these § 103(a) rejections on Agarwal and "official notice" that the features disclosed in claims 2-34 and 36-46 are well known in "regular Internet network." The Examiner does not provide documentary evidence, as required by the MPEP, to support such official notice. Therefore, without such documentary evidence, it is respectfully submitted that claims 2-34 and 36-46 are now in condition for allowance. Consequently, the Applicant respectfully traverses the rejections of claims 2-34 and 36-46 based on this official notice as discussed in detail below.

According to MPEP 2144.03(A), "[o]fficial notice without documentary evidence to support an examiner's conclusion is permissible only in some circumstances." Further, *"[o]fficial notice unsupported by documentary evidence should only be taken by the examiner where the facts asserted to be well-known, or to be common knowledge in the art are capable of instant and unquestionable demonstration as being well-known."*

Furthermore, pursuant to MPEP 2144.03(B), "there must be some form of evidence in the record to support an assertion of common knowledge." "If such notice is taken, the basis for such reasoning must be set forth explicitly. The examiner must provide specific factual findings predicated on sound technical and scientific reasoning to support his or her conclusion of common knowledge." "The applicant should be presented with the explicit basis on which the examiner regards the matter as subject to official notice and be allowed to challenge the assertion in the next reply after the Office action in which the common knowledge statement was made." MPEP 2144.03(B).

{W1075333.1}                                11

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

MPEP 2144.03(C) explicitly discusses the necessary requirements in traversing an Examiner's official notice. Specifically, "[t]o adequately traverse such a finding, an applicant must specifically point out the supposed errors in the examiner's action, which would include stating why the noticed fact is not considered to be common knowledge or well-known in the art." Further, "[i]f applicant adequately traverses the examiner's assertion of official notice, the examiner must provide documentary evidence in the next Office action if the rejection is to be maintained."

Claim 2, as amended, is directed to the method of claim 1, wherein the router includes at least one jack to which a web-ready device may be connected via a wired connection. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 4, as amended, is directed to the method of claim 1, wherein the step of creating a subscription account includes creating the subscription account using a prepaid coupon via the remote server. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

{W1075333.1}                                    12

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

Claim 5, as amended, is directed to the method of claim 1, wherein the step of creating a subscription account includes purchasing by the user a quantity of subscription-based access time using a credit card via the remote server. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known*. Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 6 is directed to the method of claim 5, wherein the subscription-based access time may be purchased in a definite quantity. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known*. Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 7 is directed to the method of claim 5, wherein the subscription-based access time may be purchased on a "continued until canceled" basis. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known*. Therefore, this official notice is respectfully

{W1075333.1}  13

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 8 is directed to the method of claim 5, wherein the credit card billing is performed by an existing merchant service. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 9 is directed to the method of claim 8, wherein the existing merchant service is reciprocal with other Internet subscription providers nationwide. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 11, as amended, is directed to the method of claim 1, wherein the verifying step is performed by a subscriber merchant service. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature

{W1075333.1}                              14

09/17/2007 15:32 FAX 513 381 0205      TS&H CINCINNATI                    ☒016/024

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 12, as amended, is directed to the method of claim 1, wherein the connecting step includes connecting the web-ready device to the router via a wireless connection. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 13, as amended, is directed to the method of claim 12, wherein a plurality of users can simultaneously connect web-ready devices to the router. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 23 is directed to the method of claim 12, further comprising the steps of operatively coupling at least one wireless transceiver extender unit between the satellite dish and the router to extend the range of Internet access at the rural location. The Examiner generally states that this feature was well known in regular Internet networks.

PAGE 16/24 * RCVD AT 9/17/2007 3:34:11 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-5/7 * DNIS:2738300 * CSID:513 381 0205 * DURATION (mm-ss):04-04

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Independent claim 26 is directed to a method for providing satellite-distributed high-speed Internet access, comprising the steps of: providing a router to which a web-ready device may be connected via at least one of a cable or a wireless data link; assigning a dynamic IP address to the web-ready device that has been connected to the router; forwarding by the router of the user's connection to a subscriber access unit; retrieving from memory by the subscriber access unit of the static IP address of a remote server; forwarding the user's connection to a satellite dish; establishing communication by the satellite dish with a satellite, which is enabled to send and receive data over the Internet; establishing a connection over the Internet with the remote server, whose interface is viewed by the user as a webpage on the web-ready device; prompting by the remote server of the user for a username and password; accessing a database by the remote server to verify the username and password; prompting the user to create a new account, if the username and password are invalid or the user's account has zero time remaining; allowing the user to access other websites, until the user's account has zero time remaining or the user logs off the network; and updating the user's account in the database by the remote server to subtract the amount of time used during the just-completed session, when the user logs off the network. The Examiner generally states that these features and steps were well known in regular Internet networks. Furthermore, the Examiner states that these "well known" features, in combination with Agarwal would deem this claim obvious. Applicant contends that these features and steps were not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because these features and steps are not *capable of instant and*

{W1075333.1}                                                   16

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

*unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to these features and steps in the next Office action.

Claim 27 is directed to the method of claim 26, wherein the interface of the remote server is viewed by the user as a webpage on the web-ready device using Secure Socket Layer encryption. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 28 is directed to the method of claim 26, wherein the user may create an account using a prepaid coupon. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 29 is directed to the method of claim 26, further comprising, after the step of prompting the user to create a new account, if the username and password are invalid or the user's account has zero time remaining, the step of: charging the user's credit card, if a new account is created. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well

{W1075333.1}                                17

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known*. Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 30 is directed to the method of claim 29, wherein the user may purchase access time in a definite quantity when creating an account. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known*. Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 31 is directed to the method of claim 29, wherein the user may purchase access time on a "continue until canceled" basis when creating an account. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known*. Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

{W1075333.1}                                    18

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

Claim 32 is directed to the method of claim 29, wherein the charging of the user's credit card is performed by an existing merchant service. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 33 is directed to the method of claim 32, wherein the existing merchant service is reciprocal with other Internet subscription providers nationwide. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 34 is directed to the method of claim 29, further comprising the step of installing the router and the satellite dish in a rural location experiencing a relatively high volume of transient traffic. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official

{W1075333.1}                                19

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 36, as amended, is directed to the Internet Hotspot of claim 35, wherein the data connection is one of a wired data connection and a wireless data connection. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 37 is directed to the Internet Hotspot of claim 35, wherein a plurality of users may access the Internet simultaneously at the remote location by respectively establishing data connections with the router via their web-ready devices. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 38 is directed to the Internet Hotspot of claim 37, wherein the data connections include wired data connections. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim

{W1075333.1}                                    20

09/17/2007 15:33 FAX  513 381 0205        TS&H-CINCINNATI                              ☒022/024

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 39 is directed to the Internet Hotspot of claim 37, wherein the data connections include wireless data connections. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 40 is directed to the Internet Hotspot of claim 39, further comprising an amplifier and antenna operatively coupled to the router. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 41, as amended, is directed to the Internet Hotspot of claim 40, wherein the router is a Vivato outdoor switch. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious.

PAGE 22/24 * RCVD AT 9/17/2007 3:34:11 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-5/7 * DNIS:2738300 * CSID:513 381 0205 * DURATION (mm-ss):04-04

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

Claim 45, as amended, is directed to the Internet Hotspot of claim 35, further comprising at least one wireless extender transceiver operatively coupled between the subscriber access unit and the router. The Examiner generally states that this feature was well known in regular Internet networks. Furthermore, the Examiner states that this "well known" feature, in combination with Agarwal would deem this claim obvious. Applicant contends that this feature was not well known in the art at the time. It is respectfully submitted that this official notice is erroneous because this feature is not *capable of instant and unquestionable demonstration as being well-known.* Therefore, this official notice is respectfully traversed. The Applicant requests that the Examiner provide documentary evidence specific to this feature in the next Office action.

For the foregoing reasons, the Applicant respectfully traverses the Examiner's assertions of official notice. Therefore, for at least these reasons, claims 2-34 and 36-46 are now in condition for allowance.

### III. Newly Added Claims

Claims 47, 48 and 49 are newly added. Consideration of these claims is respectfully requested.

### V. Conclusion

In light of the foregoing, it is respectfully submitted that claims 1-2, 4-9, 11-13, 23, 26-41, 45, and 47-49, now pending, are distinguishable from the references cited, and in condition for allowance. Reconsideration and withdrawal of the rejections of record is respectfully requested.

{W1075333.1}                                22

Serial No.: 10/772,747
Attorney Docket No.: 2003-0660.02
Amendment

If the Examiner wishes to discuss any aspect of this response, please contact the undersigned at the telephone number provided below.

Respectfully submitted,

David A. Mancino
Reg. No. 39,289

30074
Taft, Stettinius & Hollister LLP
425 Walnut Street; Suite 1800
Cincinnati, Ohio 45202-3957
mancino@taftlaw.com
(513) 357-9331

{W1075333.1}                              23