IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASAT, INC., <br><br> Plaintiff/Counter Defendant, <br><br> v. <br><br> INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br> Defendants/Counter-Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 25-056-CFC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY BRIEF IN SUPPORT OF VIASAT, INC.'S MOTION
FOR JUDGMENT ON THE PLEADINGS UNDER 35 U.S.C. § 101**

OF COUNSEL:
Matthew S. Warren
Erika H. Warren
Madeline A. Woodall
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, CA, 94114
(415) 895-2940

Dated: February 17, 2026

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Viasat, Inc.*

# **TABLE OF CONTENTS**

**Pages**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  I.V. Acknowledges the Focus of the Claims is a Business Idea . . . . . . . . . . . 1

II. The Claimed Subscriber Access Unit Does Not Overcome the Abstract Nature of the Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. The "Subscriber Access Unit" is a Results-Focused, "Apply It" Expression of an Abstract Idea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B. The '469 Patent Does Not Describe "Operatively Coupled Between" As a Technical Improvement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. The '469 Patent Claims Lack Any Additional Inventive Concept . . . . . . . . . 8

    A. I.V. Does Not Identify Any Transformative Inventive Concept . . . . . . 8

    B. I.V. Fails to Identify Any Discovery or Claim Construction Necessary to Resolve Viasat's Motion. . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## **TABLE OF AUTHORITIES**

*Cases* **Pages**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
 882 F.3d 1121 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*B# on Demand LLC v. Spotify Tech. S.A.*,
 484 F. Supp. 3d 188 (D. Del. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Beteiro, LLC v. DraftKings Inc.*,
 104 F.4th 1350 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Berkheimer v. HP Inc.*,
 881 F.3d 1360 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*ChargePoint, Inc. v. SemaConnect, Inc.*,
 920 F.3d 759 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Contour IP Holding LLC v. GoPro, Inc.*,
 113 F.4th 1373 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*CosmoKey Sols. GmbH & Co. KG v. Duo Sec. LLC*,
 15 F.4th 1091 (Fed. Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Coqui Techs, LLC v. Gyft, Inc.*,
 No. 17-777, 2018 6033479 (D. Del. Nov. 16, 2018) . . . . . . . . . . . . . . . . . . . . . . 8

*DDR Holdings, LLC v. Hotels.com, L.P.*,
 773 F.3d 1245 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

*Elec. Power Grp., LLC v. Alstom S.A.*,
 830 F.3d 1350 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
 955 F.3d 1317 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fundamental Innovation Sys. Int'l LLC v. Anker Innovations Ltd.*,
 No. 21-339, 2025 WL 459916 (D. Del. Feb. 11, 2025) . . . . . . . . . . . . . . . . . . . . 4

# **TABLE OF AUTHORITIES**
*(continued)*

*Cases* **Pages**

*Genetic Techs. Ltd. v. Merial L.L.C.*,
   818 F.3d 1369 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Guada Techs. LLC v. Vice Media, LLC*,
   341 F. Supp. 3d 390 (D. Del. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Intellectual Ventures I LLC v. Erie Indem. Co.*,
   850 F.3d 1315 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
   876 F.3d 1372 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

*Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*,
   566 U.S. 66 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Media Content Prot. LLC v. Intel Corp.*,
   C.A. No. 20-1243-CFC, 2025 WL 3281776 (D. Del. Nov. 25, 2025). . . . . . . . . . 3

*Mobile Acuity Ltd. v. Blippar Ltd.*,
   110 F.4th 1280 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Prism Techs. LLC v. T-Mobile USA, Inc.*,
   696 F. App'x 1014 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Prolitec Inc. v. ScentAir Techs., LLC*,
   770 F. Supp. 3d 730 (D. Del. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rich Media Club LLC v. Duration Media LLC*,
   681 F. Supp. 3d 1032 (D. Ariz. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Smartflash LLC v. Apple Inc.*,
   680 F. App'x 977 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Smartflash LLC v. Apple Inc.*,
   No. 13-447, 2015 WL 661174 (E.D. Tex. Feb. 13, 2015) . . . . . . . . . . . . . . . . . . . 6

## **TABLE OF AUTHORITIES**
*(continued)*

*Cases* **Pages**

*Smart Authentication IP, LLC v. Elec. Arts Inc.*,
　402 F. Supp. 3d 842 (N.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*In re TLI Commc'ns. LLC Pat. Litig.*,
　823 F.3d 607 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2, 5

*Universal Secure Registry LLC v. Apple Inc.*,
　469 F. Supp. 3d 231 (D. Del. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*US Pat. No. 7,679,637 LLC v. Google LLC*,
　164 F.4th 1373 (Fed. Cir. 2026) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 10

*Yu v. Apple, Inc.*,
　1 F.4th 1040 (Fed. Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Statutes*

35 U.S.C. § 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10

Fed. R. Civ. P. 12(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

# INTRODUCTION

Viasat's motion established that the '469 patent claims an abstract business idea—limiting Internet access to paid subscribers—rather than a concrete technical one, and is thus ineligible for patenting. In opposition, I.V. admits the inventor faced a business challenge, but concludes the claims are eligible based on a single argument: that the claimed "subscriber access unit," which must be "capable of authenticating a subscription account," prevents the claims from addressing an abstract idea under *Alice* step one and provides the "inventive concept" of *Alice* step two. But I.V.'s opposition fails to identify anything in the claims beyond the concept of limiting resources based on payment, which is not patent eligible. The Court should therefore find the '469 claims ineligible for patenting under *Alice*.

# ARGUMENT

## I.    I.V. Acknowledges the Focus of the Claims is a Business Idea

Although I.V. claims Viasat advanced an "overly abstract description" of the claims, its opposition confirms Viasat was correct. I.V. notes that "[a]t the time of the invention, access to the Internet was limited, particularly for people traveling," so that finding access outside of cities was "*time consuming*" and "*costly*," which represented "a business challenge." Opp. at 4, 8, 11 (emphasis in original) (quoting '469 at 1:24-30). I.V. thus confirms that, in "looking to the specification to understand 'the problem facing the inventor' and, ultimately, what the patent

– 1 –

describes as the invention," the claims focus on deploying paid internet access where it was then scarce. *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 767 (Fed. Cir. 2019) (quoting *In re TLI Commc'ns. LLC Pat. Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016)). The claims' focus is the business idea of "provid[ing] rural 'Hotspots' (such as Wi-Fi access, for example)" to "anyone with a PC or other web-ready device (wireless ready or cabled) and a valid credit card." '469 at 1:34-38; *see id.* at 1:47-49, 3:43-47; Mot. § I.

## II.   The Claimed Subscriber Access Unit Does Not Overcome the Abstract Nature of the Claims

Seeking to avoid this abstract business idea, I.V. makes a single argument: the patent "includes a specific architecture," claim 24's "subscriber access unit," which is "operatively coupled between the satellite dish and the at least one router" and "capable of authenticating a subscription account associated with a user prior to allowing the user access to the Internet." Opp. at 8 (quoting '469 at 8:28-32); *see* Opp. at 8-14. I.V. claims the subscriber access unit "performs specific, detailed functions" but fails to identify any in the claims (Opp. at 9), and cites nothing to suggest the patentee considered any configuration of routine network components unique, let alone the focus of his invention.[1]

---

[1] I.V. does not dispute that claim 24 is representative, and addresses only this claim. I.V. has thus failed to "present[] any meaningful argument for the distinctive significance of any claim limitations" not in the representative claim, and the Court

### A. The "Subscriber Access Unit" is a Results-Focused, "Apply It" Expression of an Abstract Idea

I.V. argues that the "subscriber access unit" requires "specific, detailed functions." Opp. at 9. But the patent claims only a "subscriber access unit" that is "capable of authenticating a subscription account," without saying anything about how authentication takes place. Mot § I. So the patent claims only the idea of authentication itself, and authentication is an abstract idea:

> Authentication, i.e., '[c]ontrolling access to resources,' is an abstract idea that 'is pervasive in human activity, whether in libraries (loaning materials only to card-holding members), office buildings (allowing certain employees entrance to only certain floors), or banks (offering or denying loans to applicants based on suitability and intended use).

*Media Content Prot. LLC v. Intel Corp.*, C.A. No. 20-1243-CFC, 2025 WL 3281776, at *3 (D. Del. Nov. 25, 2025) (alteration in original) (quoting *Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1327 (Fed. Cir. 2020)). Claiming "authentication" without specifying how authentication occurs is "result-focused functional language, containing no specificity about how the purported invention achieves those results," which is "almost always found to be ineligible for patenting under Section 101." *US Pat. No. 7,679,637 LLC v. Google LLC*, 164 F.4th 1373, 1378 (Fed. Cir. 2026) (quoting *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1356 (Fed. Cir. 2024)).

---

should therefore treat claim 24 "as representative." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1352 (Fed. Cir. 2016).

– 3 –

Acknowledging it cannot find anything helpful in the claims, I.V. relies on the specification. To support its argument that the "subscriber access unit performs specific, detailed functions," I.V. cites only "an exemplary implementation" found in the specification. Opp. at 9, 14; *see id.* at 12. But the specification cannot cure unpatentable claims; the step one "inquiry must focus on the language of the asserted claims themselves." *'637 LLC*, 164 F.4th at 1378 (quoting *ChargePoint*, 920 F.3d at 767).[2] I.V.'s citation to the "exemplary implementation" serves only to highlight "the mismatch between the specification statements that [I.V.] points to and the breadth of claim [24] underscores that the focus of the claimed advance is the abstract idea and not the particular configuration discussed in the specification that allegedly departs from the prior art." *Yu v. Apple, Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021).[3] "[W]hen analyzing patent eligibility, reliance on the specification

---

[2] I.V.'s cited cases all found specific technical improvements in patent *claims*. *Contour IP Holding LLC v. GoPro, Inc.*, 113 F.4th 1373, 1379 (Fed. Cir. 2024); *CosmoKey Sols. GmbH & Co. KG v. Duo Sec. LLC*, 15 F.4th 1091, 1098 (Fed. Cir. 2021); *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1259 (Fed. Cir. 2014); *Fundamental Innovation Sys. Int'l LLC v. Anker Innovations Ltd.*, No. 21-339, 2025 WL 459916, at *5 (D. Del. Feb. 11, 2025); *Rich Media Club LLC v. Duration Media LLC*, 681 F. Supp. 3d 1032, 1040 (D. Ariz. 2023).

[3] The "exemplary implementation" would be ineligible even if it appeared in the claims. To support the "specific, detailed functions" of the "subscriber access unit," I.V. cites various portions of the specification. Opp. at 9 (citing 4:1-67); *see id.* at 5 (citing 4:39-65); *id.* at 12 (citing 4:46-65); *id.* at 14 (citing 4:47 to 5:3). Across these citations, only two sentences address the subscriber access unit: "The subscriber access unit 16 has the static IP address 36 of the Radius server 28 pre-programmed. It then uses Radius client software to send the user directly to the satellite dish 14." '469 at 4:47-48. The patent does not define "Radius client

must always yield to the claim language in identifying that focus." *ChargePoint*, 920 F.3d at 766. The claim language of the '469 references only the abstract idea of authentication, *see supra*, and I.V. cannot save it by pointing to the specification.

Finally, I.V. tries and fails to distinguish the '469 claims from those found ineligible in Viasat's cases. *See* Opp. at 13-15. In *Prism Techs. LLC v. T-Mobile USA, Inc.*, the patent recited an "authentication server" where claimed "identity data" was "stored." 696 F. App'x 1014, 1016 (Fed. Cir. 2017). The Federal Circuit held that this "authentication server" was an "indisputably generic computer component[]," just like the '469's "subscriber access unit" for authenticating subscription accounts. *Id.* at 1017. As in *Prism*, the '469 claims "themselves demonstrate the conventional nature" of the recited hardware "[a]nd there is no indication that their inclusion produces 'a result that overrides the routine and conventional' use" of that hardware. *Id.* at 1018 (quoting *DDR Holdings*, 773 F.3d at 1258). I.V. tries to distinguish *Prism* by asserting the "claims here, in contrast, provide an improvement that is directly related to the limitations of the claims" (Opp. at 14-15), without explaining how any such improvement produces "a result that overrides the routine and conventional use" of any component or standard.

---

software" or explain how to use it, relying on one skilled in the art to "apply it." And storing information and "sending and receiving information" over a network are ineligible "routine computer functions." *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1329 (Fed. Cir. 2017); *see In re TLI Commc'ns.*, 823 F.3d at 609.

696 F. App'x at 1018.  No such result exists.  Just as in *Prism*, the '469 is directed to "providing restricted access to resources," an abstract idea.  *Id.* at 1017.

I.V. also claims the '469 differs from the patent in *Smartflash LLC v. Apple Inc.*, directed to "controlling access to data based on payment," No. 13-447, 2015 WL 661174, at *8 (E.D. Tex. Feb. 13, 2015), because the '469 concerns "a challenge unique to the Internet."  Opp. at 14.  But the *Smartflash* patentee made the same argument, asserting "that the claimed inventions solve a computer-specific problem."  2015 WL 661174, at *7.  The *Smartflash* court rejected this argument and the Federal Circuit affirmed, explaining that claims which "invoke computers merely as tools to execute fundamental economic practices" are abstract, even if they recite computer-specific functions.  *Smartflash LLC v. Apple Inc.*, 680 F. App'x 977, 982 (Fed. Cir. 2017).  The same is true here.

### B.   The '469 Patent Does Not Describe "Operatively Coupled Between" As a Technical Improvement

I.V. argues that "the claim's structure identifies precisely where authentication is enforced—between the satellite terminal and the router—and thus describes a concrete access-control architecture," that is, "interposition of a subscriber access unit between the satellite dish and router."  Opp. at 10.  But I.V. cites nothing in the intrinsic record suggesting the inventor considered "where authentication is enforced" to be his invention, and the patent nowhere discusses

– 6 –

any benefit from "where authentication is enforced," or suggests that the placement of the "subscriber access unit" was even a technological advance, let alone the focus of its claims. I.V.'s claim thus fails for the same reason as in *ChargePoint*. There, the patents recited hardware components for EV charging, including "a charge transfer device, remote from said server and said data control unit." *ChargePoint*, 920 F.3d at 772. The patentee argued that the claims "do not recite the general concept of remote access or control, but rather a concrete arrangement of components" that "enable[d]" remote control of charging stations. *Id.* The Federal Circuit disagreed, because "the specification does not suggest that the inventors' discovery was the particular arrangement of components claimed," and "there is no indication that the invention of the [] patent was intended to improve those particular components or that the inventors viewed the combination of those particular components as their invention." *Id.*

So too here. I.V. points to nothing in the intrinsic record explaining the benefits of any hardware configuration when addressing the problem facing the inventor: providing Internet access to "salesmen, executives, truckers and private individuals" who may not be "near a city with providers who sell access subscriptions." '469 at 1:23-26; *see* Mot. § I.A. The claims only recite that the authentication happens in a remote location rather than a central one, which "is the type of fundamental business practice that, when implemented using generic

– 7 –

computer technology, is not patent-eligible." *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1378 (Fed. Cir. 2017).

### III.   The '469 Patent Claims Lack Any Additional Inventive Concept

I.V.'s opposition confirms the '469 lacks any inventive concept, let alone sufficient "additional features" beyond "well-understood, routine, conventional activit[ies]' previously engaged in by" the industry. *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 77-79 (2012).

#### A.   I.V. Does Not Identify Any Transformative Inventive Concept

Retreading its argument under step one, I.V. claims "the limitation reciting a 'subscriber access unit operatively coupled between the satellite dish and the at least one router' provides an inventive concept." Opp. at 18 (quoting '469 at 8:28-32). But, again, I.V. cites nothing in the intrinsic record suggesting "how the configuration of components is necessary to make the claimed method innovative" or how it solves any technical problem, let alone the problem identified by the patentee. *Coqui Techs, LLC v. Gyft, Inc.*, No. 17-777, 2018 6033479, at *6 (D. Del. Nov. 16, 2018). And I.V. does not, because it cannot, explain how this claim element recites more than "apply it" language insufficient to pass *Alice* step two. *Mayo*, 566 U.S. at 72; *see also Universal Secure Registry LLC v. Apple Inc.*, 469 F. Supp. 3d 231, 239 (D. Del. 2020) (Connolly, C.J.) (collecting cases holding that use of "well-known computer technology to authenticate a user" are unpatentable

under *Alice* step two (quoting *Smart Authentication IP, LLC v. Elec. Arts Inc.*, 402 F. Supp. 3d 842, 853 (N.D. Cal. 2019))). I.V. argues that because the patent issued following addition to the claims of the "subscriber access unit," it must be "novel" and thus patent eligible. Opp. at 12; *see id.* at 18-19. That is not the law. Indeed, *every* claim found ineligible under *Alice* was once deemed novel by an examiner. Even novel claims on abstract ideas are unpatentable under § 101. *E.g.*, *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1376, 1380 (Fed. Cir. 2016).

### B. I.V. Fails to Identify Any Discovery or Claim Construction Necessary to Resolve Viasat's Motion

In a final effort to avoid *Alice*, I.V. claims "discovery is required to resolve" (Opp. at 16) whether the patent recites conventional and generic components, without addressing Viasat's explanation that the *patent itself confirms* it recites conventional and generic components. *Id.* at 15-17, 20-21; *see* Mot. at 4, 6-7, 9, 11-14, 18-20. I.V. raises no specific fact dispute, arguing only that a dispute *could* later emerge. Opp. at 15-16. But Viasat's arguments rest on the "face of the patent," which the Court can interpret "at the pleadings stage." *B# on Demand LLC v. Spotify Tech. S.A.*, 484 F. Supp. 3d 188, 192 (D. Del. 2020).[4]

---

[4] I.V.'s cases do not support its delay tactics. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1126-29 (Fed. Cir. 2018) (addressing leave to amend); *Berkheimer v. HP Inc.* 881 F.3d 1360, 1368 (Fed. Cir. 2018) ("[n]othing in this decision should be viewed as casting doubt on the propriety of those cases" resolving patent eligibility on the pleadings); *Guada Techs. LLC v. Vice Media, LLC*, 341 F. Supp. 3d 390, 395-96, 399 (D. Del. 2018) (patent did not "speak to the

– 9 –

Nor can I.V. delay Viasat's motion pending claim construction. To delay a Rule 12 *Alice* motion "based on the purported need for claim construction, a patentee must propose a specific claim construction" dispute and "explain why" it "must be resolved before the scope of the claims can be understood for § 101 purposes." *'637 LLC*, 164 F.4th at 1381 (quoting *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1293 (Fed. Cir. 2024)). I.V. did neither.

## **CONCLUSION**

For the foregoing reasons and those set forth in Viasat's motion, the Court should enter judgment for Viasat on the pleadings as to the '469 patent.

---

conventionality" of the claims); *Prolitec Inc. v. ScentAir Techs., LLC*, 770 F. Supp. 3d 730, 747 (D. Del. 2025) (patentee's unrebutted evidence precluded summary judgment).

-11-

OF COUNSEL:
Matthew S. Warren
Erika H. Warren
Madeline A. Woodall
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, CA, 94114
(415) 895-2940

Dated: February 17, 2026

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff/Counterclaim Defendant Viasat, Inc.*

## **CERTIFICATE OF COMPLIANCE**

I hereby confirm that this brief complies with the type and number limitations set forth in the February 17, 2026 Standing Order Regarding Briefing in All Cases. I certify that this document contains 2,484 words, which were counted using the word count feature in Microsoft Word, in 14-point Times font. The word count does not include the cover page, tables, or the counsel blocks.

Dated: February 17, 2026

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Plaintiff/Counterclaim Defendant Viasat, Inc.*