SHAW KELLER LLP

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0709
nhoeschen@shawkeller.com

November 5, 2026

**BY CM/ECF & HAND DELIVERY**
The Honorable Colm F. Connolly
United States District Judge
844 N. King Street
Wilmington, DE 19801

Re: *Viasat, Inc. v. Intellectual Ventures I LLC et al*,
C.A. No. 25-056-CFC

Dear Chief Judge Connolly:

I write on behalf of defendant Viasat, Inc. ("Viasat") to object to the "notice of subsequent authority" filed last night by Intellectual Ventures I LLC and Intellectual Ventures II LLC ("I.V."). Local Rule 7.1.2(c) only allows a party to file a notice of subsequent authority "if additional factual developments or legal precedent become available." The document attached to IV's notice is neither a factual development nor legal precedent. It is an opinion from IV's own paid expert. More importantly, this opinion did not "become available" after briefing closed. If I.V. thought this expert testimony was necessary to resolve Viasat's motion, they could have attached it to their complaint or asked the Court to consider it and convert the motion to summary judgment pursuant to Rule 12(d). Instead, I.V. chose to wait and use it in a separate EPR proceeding months later, giving Viasat no opportunity to respond and giving the Court only a vague explanation of how it pertains to the motion. I.V. further compounded this prejudice by waiting until the close of business on the day before the hearing to produce it.

Without citation, I.V. claims the Court should consider its paid expert's opinion because it is "now part of the intrinsic reexamination record." D.I. 121 at 2. But Courts review the intrinsic record because it can "demonstrat[e] how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (en banc). But I.V. is not the inventor and the pending reexamination cannot modify the claim scope since the patent has expired, 37 C.F.R. § 1.530(j), making I.V.'s paid expert's opinion, "filed during litigation," nothing more than "self-serving

statements" which should be "accorded no more weight than testimony of an interested witness or argument of counsel." *Moleculon Rsch. Corp. v. CBS, Inc.*, 793 F.2d 1261, 1270 (Fed. Cir. 1986).

I.V.'s belated attempt to shore up its arguments with new opinion testimony is exactly what the rules forbid. It is manifestly unfair to Viasat and increases the burden on the Court. Accordingly, Viasat asks that the Court not consider I.V.'s notice in ruling on Viasat's 101 motion.

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc: Clerk of the Court (via CM/ECF & Hand Delivery)
All Counsel of Record (via CM/ECF & Email)